## In re SEARS et al.

(Circuit Court of Appeals, Second Circuit. July 10, 1902.)

### No. 146.

**1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.**
General orders in bankruptcy No. 6 by implication limits the power to allow amendments to a petition in involuntary bankruptcy to the single case in which an earlier act of bankruptcy than the one charged is sought to be incorporated.

Petition to Review an Order of the District Court of the United States for the Western District of New York.

In bankruptcy. This is a petition to review an order of the United States district court for the Western district of New York in bankruptcy, granting the petitioning creditors leave to amend their petition for the adjudication of Sears, Humbert & Co., as bankrupts, by inserting an additional act of bankruptcy. The petition for adjudication was filed October 10, 1901, and October 23, 1901, another petition for adjudication was filed by other creditors in the district court for the Southern district of New York. Subsequently the creditors in the first petition moved for leave to set up in their petition the act of bankruptcy alleged by the creditors in the second petition. See 112 Fed. 58.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The order allowing an amendment of the petition by the insertion of a further act of bankruptcy was erroneous, because it clearly appeared that such act of bankruptcy was not an earlier act than that first alleged, but was later. The case is controlled by the terms of general order No. 6, and, as that makes explicit provision for it, an amendment not within its terms is unwarranted. Except for that provision, such an amendment would have been permissible, and its allowance a reasonable exercise of judicial discretion; but the provision, by implication, limits the power of amendment to the single

case in which an earlier act of bankruptcy is sought to be incorporated into the petition.

We notice that the application to amend was founded upon an averment which was untrue, viz., that the new act of bankruptcy was an earlier act than the one which had been set up originally. The court below was probably misled by this misstatement, and the expenses of this petition of review thereby imposed upon the opposing creditors. It may be that facts existed in justification of the averment that do not appear in the application. We suggest to the court below that action should be taken to ascertain whether this misstatement was a bald falsehood, and, if found to be without any basis of fact, to discipline the attorney who prepared the application, and who advised or permitted his clients to verify the averment, unless he can exonerate himself from culpability.

The order is reversed, with costs to be paid by the respondents.