## In re RIGGS RESTAURANT CO.

(Circuit Court of Appeals, Second Circuit. April 5, 1904.)

### No. 200.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—GIVING CHATTEL MORTGAGE.

The giving of a chattel mortgage is a "transfer" of property, as defined in the bankruptcy act, and, when given by an insolvent with intent to prefer the creditor to whom it is given, constitutes an act of bankruptcy, under section 3a, Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422].

2. SAME—REVIEW OF ORDER ON PETITION.

Whether or not an order permitting the amendment nunc pro tunc of a petition in involuntary bankruptcy after the sustaining of a demurrer to the original petition was erroneous is immaterial, and the order will not be reviewed where the original petition sufficiently charged an act of bankruptcy, and the demurrer was erroneously sustained.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon petition to review an order of the District Court, Southern District of New York, sustaining demurrer to a petition by creditors praying that the Riggs Restaurant Company be adjudicated a bankrupt, with leave "to the petitioners [creditors] herein to amend the petition as of the date of the filing of the original petition."

Eugene Cohn, for petitioners.

Joseph B. Handy, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. On September 2, 1903, the requisite number of creditors filed a petition in involuntary bankruptcy against the Riggs Restaurant Company, alleging as an act of bankruptcy that it did, within four months, namely, on May 25, 1903, while insolvent, execute and deliver a chattel mortgage upon all the goods, chattels, and furniture used in its restaurant business, to one Herman Schlosser, a creditor, with intent to prefer him over the other creditors. Demurrer was filed to this petition on the ground that it was "not alleged in the said petition that the said demurrant committed any act of bankruptcy, within the meaning of the said act, and that the acts and things which the said demurrant is alleged to have done do not constitute, and are not sufficient in law to constitute, an act of bankruptcy, and that said demurrant may not be adjudged a bankrupt for any matter or thing in the said petition alleged." After hearing argument on the demurrer, the District Judge on October 6, 1903, filed a memorandum stating merely that, in his opinion, the execution and delivery of a chattel mortgage is not a transfer of property constituting an act of bankruptcy, and adding, "Demurrer sustained, with leave to petitioners to amend the petition on payment of costs." Thereafter, upon December 2, 1903, an order was signed

¶ 2. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

and entered sustaining the demurrer, without prejudice to the filing of a new petition. It will be noted that this order does not conform to the decision, and it appears that the form was agreed to in writing by both sides. Presumably, with such consent before him, the District Judge did not deem it necessary to compare the proposed order with the memorandum he had filed two months before. On December 22, 1903, the petitioning creditors filed an amended petition. It set forth that "petitioners are, and were at all the times hereinafter mentioned, creditors." The original petition had alleged merely that they were creditors when petition was filed. It also amended the statements of their individual claims by asserting that the goods they had sold to the bankrupt were "at an agreed value." It further averred that, after the execution of the chattel mortgage, Schlosser, "within four months preceding the filing of this petition, took possession, under and by virtue of said mortgage, of the said goods and chattels," etc. Thereafter counsel for the creditors seems to have discovered that the order as entered allowed the filing of a new petition, but not of an amended one, and motion was made on December 24th for resettlement of the order in conformity with the memorandum. The motion was granted, and the order now under review was entered January 2, 1904, resettling the order of December 2, 1903, so as to give leave to amend, and providing that the amended petition filed by the petitioning creditors on December 22, 1903, be accepted by the alleged bankrupt as of the date of filing of the original petition, with leave to answer or demur to the same.

There can be no doubt that a court has power, if seasonably exercised, to resettle an order imperfectly phrased so as to conform its text to the decision it was intended to embody. The real question presented here is not whether the court had power to resettle the order of December 2d, but whether it had power to allow an amendment nunc pro tunc of the petition filed September 2d. So far as the same was amended by setting out more specifically the claims of the creditors, and the fact that they were creditors when the alleged act of bankruptcy was committed, no criticism is made. The brief concedes: "That a District Court, in a proper case, may permit the amendment of pleadings by the correction of errors or oversight, is beyond dispute." The contention is that the physical taking possession of the goods by Schlosser is the only act of bankruptcy alleged, that it was not set forth in the original petition, that more than four months had elapsed before it was actually charged against the alleged bankrupt, but that the allowance of amendment nunc pro tunc has the same effect as though a petition containing it had been filed three months before it was in fact filed. Reference is had to rule 6 (89 Fed. v), and to the decision of this court in the Matter of Sears, 117 Fed. 294, 54 C. C. A. 532. The question whether an original petition can be amended by setting out therein an act of bankruptcy not referred to in the original petition, and occurring more than four months before amendment is made, is an interesting one, but it need not be decided here. The amended petition avers that Schlosser took possession "within four months preceding the filing of this petition." The date when he took possession is nowhere

stated in the record, and it is uncertain whether the pleader intended to aver that it was in the four months preceding the filing of the amended or of the original petition. The matters sought to be argued here will come up on the hearing upon petition, and, when they do come up, their decision will not be necessary. The amendment setting out the seizing of the goods under the chattel mortgage is superfluous. The giving of the chattel mortgage was in itself an act of bankruptcy, committed within four months of the filing of the original petition, and sufficiently charged therein. The act charged is under section 3, Act July 1, 1898, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422] "a" (3): "Transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." By section 1 (25) (30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) the word "transfer" is defined to include "the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." The Supreme Court, in Pirie v. Chicago Title Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, says of this definition: "All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another ["ownership or possession" is the language of the statute], and by which the result forbidden by the statute may be accomplished; 'a preference enabling a creditor to obtain a greater percentage of his debt than any other creditors of the same class.'" It is the settled law in this state that "a personal mortgage is more than a mere security. It is a sale of the thing mortgaged, and operates as a transfer of the whole legal title to the mortgagee, subject only to be defeated by the full performance of the condition." Butler v. Miller, 1 N. Y. 500.

The memorandum filed in the District Court gave no reasons for reaching its conclusion, and we are referred to no authorities holding that the giving of a chattel mortgage is not a transfer of property, within the meaning of section 3a (2); and, since the original petition avers that the mortgage was given while insolvent, and with intent to prefer, we are of the opinion that an act of bankruptcy was charged in the original petition, and find it unnecessary to discuss the effect of the amendment.

The order giving leave to amend is affirmed.