### In re TRIBELHORN.

(Circuit Court of Appeals, Second Circuit. March 24, 1905.)

1. BANKRUPTCY—INVOLUNTARY PETITION—PETITIONING CREDITORS—SPLITTING CLAIMS.

Where a landlord—one of the petitioning creditors in an involuntary bankrupt petition—assigned his claim, or a part thereof, to the attorney for the petitioning creditors after the petition was filed, the attorney was not entitled to join in the petition, to make up the number of creditors prescribed by Bankr. Act July 1, 1898, c. 541, § 59d, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445].

2. SAME—INTERVENTION—TIME.

Where an involuntary bankruptcy petition had been dismissed for insufficiency of petitioning creditors, it was then too late for a nonparticipating creditor to intervene as a matter of right, and the denial of such application was a proper exercise of discretion.

3. SAME.

Where creditors of an involuntary bankrupt, alleged to have been withheld from the bankrupt's answer, had all been informed of the pendency of the proceedings, but had not appeared or asked to intervene, and there was nothing to indicate that they could be induced to join in the proceedings, it is not error for the court to refuse to withhold an order dismissing the proceedings for want of sufficient petitioners until the clerk could notify such creditors.

4. SAME—SERVICE—MODE.

Under Bankr. Act 1898, requiring an alleged involuntary bankrupt to file with his answer, when it alleges a larger number than 12 creditors, a list, under oath, of all his creditors, with their addresses, and providing that the court shall cause such creditors to be notified of the pendency of the petition, and shall delay the proceedings to enable them to be heard, the mode of service of notice on such creditors is immaterial; the creditors named being actually served in time to intervene if they desired so to do.

Appeal from the District Court of the United States for the Southern District of New York.

Appeal by petitioning creditors from order denying the adjudication of Tribelhorn as a bankrupt.

S. S. Myers, for appellant.

Wm. C. Prime, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The court below refused to adjudicate Tribelhorn a bankrupt, and dismissed the petition for his adjudication as such, upon the ground that, his creditors being more than twelve in number, less than three had joined in the petition. If this decision was correct, the rulings of the court upon the other questions in the case, of which error has been assigned, do not require consideration.

The evidence does not authorize us to disturb the finding of the trial court that all the creditors but two who had united in the petition were creditors of the corporation, Carnegie Hill Hotel, and not of Tribelhorn personally. The court also correctly ruled that Tull should not be counted as a petitioning creditor. He became a creditor by an assignment from Schmidt, the original petitioning creditor, made some two months after the filing of the petition. Schmidt's debt was for rent due from Tribelhorn upon a lease. It would seem, from Tull's petition, that he was an assignee of the same rent. It may be, however, that he was an assignee of installments of rent which subsequently became due to Schmidt under the lease. He was the attorney for the petitioning creditors, and manifestly acquired a part of the demand of Schmidt for the purpose of being joined with Schmidt as a petitioning creditor. The bankrupt act does not sanction the splitting up by a single creditor of his demand into several demands in order to create the requisite number of petitioning creditors, and, if such a practice were tolerated, the provisions of section 59d (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]) would become practically nullified.

Other rulings challenged are these: (1) At the close of the hearing the trial judge announced his decision dismissing the petition, but, at the request of counsel for the petitioning creditors, reserved for further consideration the single question whether Tull was entitled to be counted as a petitioning creditor. On the subsequent day assigned for the decision of the question, the court having ruled that Tull could not be counted as a petitioning creditor, the latter asked that one Geiler be permitted to intervene. The court denied the request. Geiler had not entered his appearance, or filed any petition, or made himself a party to the proceedings in any way. After the proceeding had been heard and decided, it was too late for any new creditor to intervene as a matter of right, and the court was justified in treating the application as a dilatory one, and in refusing to delay the proceeding further in order to ascertain whether Geiler was really a creditor, and whether he would join in the proceeding. (2) The counsel for the petitioning creditors asked the court to withhold any adjudication upon the proceeding until the clerk of the court should notify certain creditors whose names

were not set forth in the answer of the alleged bankrupt of the pendency of the proceedings. One of these creditors was the Wells & Newton Company, another was Saxton & Co., and another was the Park & Tilford Company. The first two appear to have been creditors of the Carnegie Hill Hotel Corporation, and not of Tribelhorn personally. The latter was the holder of certain promissory notes made by the Carnegie Hill Hotel Corporation, and indorsed by Tribelhorn. All of these creditors had been informed of the pendency of the proceeding, their employés having been produced as witnesses for the petitioning creditors during the taking of testimony. They had not entered any appearance or asked to intervene, and there was nothing to indicate to the court that they could have been induced to join in the proceeding.

The ruling in respect to the propriety of the mode of service of notice upon the creditors named by the alleged bankrupt is challenged. The act requires him to file with the answer, when it alleges a larger number than 12 creditors, a list, under oath, of all his creditors, with their addresses; and it provides that "thereupon the court shall cause all such creditors to be notified of the pendency of the petition, and shall delay the hearing upon such petition for a reasonable time, to the end that parties interested shall have an opportunity to be heard." The act thus gives the petitioning creditors an opportunity to ascertain whether those named in the answer of the alleged bankrupt are creditors, and whether they desire to intervene, but leaves it to the alleged bankrupt, if he is willing to commit perjury, to withhold this opportunity, in part, by omitting to name all of his creditors. It does not prescribe in what mode the court shall cause the other creditors to be notified, and thus leaves it to the discretion of the court to determine whether the notice shall be served personally or by mail, and by whom the service shall be made. While we cannot commend the procedure which was sanctioned in the present case, and think it would be safer to cause the service to be made by some officer of the court, instead of by a person not sustaining this relation, and designated by a party to the proceeding, we cannot say that it was unwarranted. It is not contended that any of the creditors who were named were not actually served in due time to intervene if they had desired to do so.

We have considered the other rulings of which error has been assigned, and find none which merits detailed notice.

Adjudication affirmed.