GLEASON v. SMITH. PERKINS & CO. et al.

(Circuit Court of Appeals, Third Circuit. May 25, 1906.)

No. 24.

1. BANKRUPTCY—AMENDMENT OF PETITION—POWER OF COURT.

Under its general power to permit amendments, a court of bankruptcy may, on seasonable application therefor, permit the amendment of an involuntary petition, correcting the name of the alleged bankrupt.

2. SAME—INVOLUNTARY PROCEEDINGS—EFFECT OF FAILURE TO SERVE SUBPŒNA.

The fact that the subpœna issued for the defendant in involuntary proceedings in bankruptcy was not served before the return day does not terminate the proceedings, but the court has power to grant an alias subpœna.

3. SAME.

A petition in involuntary bankruptcy was filed by creditors, but through an error the first name of the alleged bankrupt was incorrectly stated both in the petition and subpœna. The error was discovered four days later, and application was at once made for leave to amend the petition, which was brought on for hearing on the return of the judge, who was at that time absent from the district; the subpœna having been returned in the meantime without service, through a mistake of the marshal. Two days after the filing of the petition, and after the claims of certain creditors had become preferred, a voluntary petition was filed by counsel for the bankrupt, with notice of the prior proceedings, and that his client was the person intended to be named therein, and on such voluntary petition an adjudication was made by the referee. Held, that the court had power thereafter to permit the amendment of the involuntary petition and direct the issuance of an alias summons, and that such proceedings took precedence of those on the voluntary petition, and invalidated the adjudication thereon.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Pennsylvania.

On September 7, 1905, the respondents filed their petition in involuntary bankruptcy in the United States District Court for the Western District of Pennsylvania, against a person named in the petition as William S. Service. The petition was prepared by Mr. Salisbury, the attorney of the respondents, from information obtained from the respondents, from the accounts presented to him by the respondents, in which the name of the alleged bankrupt was stated as W. S. Service, and from a commercial report concerning the alleged bankrupt made for one of the respondents by R. G. Dun & Co., in which the name was stated as William S. Service. It also appears on behalf of each of the three respondents that their business with the alleged bankrupt had always been conducted with him under the name of W. S. Service, and that the name William S. Service was used in the petition because it was supposed from the information contained in the commercial report that that was the alleged bankrupt's correct name. On the day of filing the petition a subpœna was issued against William S. Service, returnable September 21st. On September 8th the period of four months after the entry of judgment by Minnie S. Gleason against Walter Sherwood Service expired. On September 9th the attorney of Walter Sherwood Service filed in the office of the clerk of the above-mentioned court the petition of Walter Sherwood Service in voluntary bankruptcy, but not until after the clerk had called the attorney's attention to the filing of the petition in involuntary bankruptcy on September 7th, against Wiliam S. Service. The schedule annexed to the petition filed by Walter Sherwood Service mentioned the indebtedness to Minnie S. Gleason, who is the daughter of Walter Sherwood Service, as one entitled to preference. On the day of the filing of the voluntary petition, September 9th, the judge of the District Court being absent from the dis-

trict, the clerk, pursuant to the provision of clause g of section 18 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], referred the petition in voluntary bankruptcy to a referee, and telegraphed to Mr. Salisbury as follows: "Voluntary petition in bankruptcy of Walter Sherwood Service filed this morning. Matter referred to referee at Brookville for adjudication, returnable next Monday." On receiving the telegram, Mr. Salisbury was engaged in the trial of a case, and did not observe that the name given in the telegram differed from that used by him in the involuntary petition until September 11th, when another person called his attention to that fact. On September 11th the referee made an order of adjudication in the voluntary proceedings. On September 11th and 12th Mr. Salisbury had prepared and sworn to certain affidavits setting forth, in substance, the facts above stated, and on September 13th he filed them as the ground on which to ask for the amendment of the petition filed by him and of the subpœna issued thereon. The judge did not return to his district until September 16th, and on that day he granted a rule, returnable September 26th, requiring Minnie S. Gleason and another judgment creditor to show cause why the amendments should not be allowed. On September 21st, the return day of the subpœna, it was returned by the marshal indorsed, "By direction of the attorney for petitioning creditors, this writ not served." The attorney had given no such direction; his instruction over the long distance telephone, which was working badly at the time, being misunderstood. On September 25th, one day preceding the return day of the rule to show cause, the counsel for the parties by consent argued the rule, and also a motion by Minnie S. Gleason to dismiss the involuntary proceedings because of failure to serve the subpœna, and also because of the adjudication in the voluntary proceedings. On September 26th the following order was made: "And now, September 26, 1905, this cause came on to be heard on the rule to show cause granted at No. 2,974, on September 16, 1905, and returnable this day, and upon the answer thereto filed by Minnie S. Gleason on September 25, 1905, and on motion of Minnie S. Gleason to quash the subpœna and dismiss the proceedings at No. 2,974, and on the affidavits filed September 25, 1905, in support of said rule to show cause, and it appearing to the court that the involuntary petition against William S. Service was filed in this court on September 7, 1905, at No. 2,974, and that the subpœna in this case has not been served through inadvertence and by reason of a mistake made on the telephone to the clerk of the court, and that in said proceeding No. 2,974 the Christian name of said bankrupt was inadvertently stated to be William S. instead of Walter Sherwood, which is his real name, and it further appearing to court that on September 9, 1905, a voluntary petition in bankruptcy at No. 2,977 was filed by Walter Sherwood Service, and that previous to the filing of said petition in bankruptcy by him the attention of his counsel was drawn to the fact of the filing of the involuntary petition at No. 2,974, and it further appearing to the court that at the time and for several days thereafter the judge of the court was absent from the district, and no motion to amend the proceedings could be allowed by him: Now, therefore, the court being satisfied that the case is one proper for amendment, the rule to show cause granted the 16th of September, 1905, is made absolute, and the petition, subpœna, and all papers in the case are amended so that the defendant's name shall read Walter Sherwood Service instead of William S. Service; and it is further ordered that an alias subpœna, embodying the amendment thus made, together with a copy of this order, be issued and served upon the said Walter Sherwood Service." This order is now before us for review on the petition of Minnie S. Gleason.

Fred. H. Ely and George L. Roberts, for petitioner, Minnie S. Gleason.

David N. Salisbury, for respondents.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

LANNING, District Judge (after stating the facts). In clause 10 of section 1 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], it is declared that the "commencement of proceedings" in bankruptcy shall mean "the date when the petition was filed"; and in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, it was held that the filing of a petition in bankruptcy "is a caveat to all the world, and, in effect, an attachment and injunction." We find nothing in the record of this case, the substance of which is contained in the statement preceding this opinion, to take the case out from the operation of the general rule. It is true that the petition filed in the involuntary proceedings was defective, but the defect was discovered within four days after the petition was filed, and proceedings for obtaining leave to amend it so as to cure the defect were immediately instituted and brought to a hearing before the District Court at the earliest possible day. The power of the court to grant the amendment is undoubted. In the Bellah Case (D. C.) 116 Fed. 69 (an involuntary case), it was held that general order No. XI (89 Fed. vii, 32 C. C. A. xiv), which relates to amendments of petitions, was not intended to abrogate or restrict the general power of amendment vested in the court. The existence of such power in the court was also recognized in Beach v. Macon Grocery Co., 120 Fed. 736, 57 C. C. A. 150, in the Brett Case (D. C.) 130 Fed. 981, in the White Case (D. C.) 135 Fed. 200, and in the Plymouth Cordage Company Case, 135 Fed. 1000, 68 C. C. A. 434. The Sears Case, 117 Fed. 294, 54 C. C. A. 532, is not an opposing authority. In that case an involuntary petition was filed October 10, 1901, in the Western District of New York. On October 23, 1901, another involuntary petition against the same party was filed in the Southern District of New York. The District Court for the Western District allowed the petition filed there to be amended by inserting in it an act of bankruptcy charged in the petition filed in the Southern District, but being later than the act charged in the petition filed in the Western District. The Circuit Court of Appeals for the Second Circuit held this to be error because of the peculiar provisions of general order No. VI (89 Fed. v, 32 C. C. A. ix), which allowed the earlier petition to be amended "by inserting an allegation of an act of bankruptcy committed at an earlier day than that first alleged, if such earlier act is charged in either of the other petitions." The court said:

"Except for that provision, such an amendment would have been permissible, and its allowance a reasonable exercise of judicial discretion; but the provision, by implication, limits the power of amendment to the single case in which an earlier act of bankruptcy is sought to be incorporated into the petition."

Nor is the objection that by reason of the failure to serve the subpoena before its return day the involuntary proceedings came to an end a valid one. It is the practice of bankruptcy courts to issue alias subpoenas when for any reason it has been impossible to serve the original subpoenas. Furthermore, clause a of section 18 of the bankruptcy act does not require the subpoena to be served within 15 days from the date of its issue, as the petitioner here insists, but that it shall

be made returnable within that time; and clause f of section 59 (30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]), gives to creditors, other than the original petitioners, the right at any time to enter their appearance and join in the petition, and clause g of the same section declares that no voluntary or involuntary petition shall be dismissed for want of prosecution until after notice to the creditors. Manifestly, the mere failure to serve the subpœna within 15 days after its issue did not, and under the law could not, put an end to the proceedings. This was expressly held by the Circuit Court of Appeals of the Second Circuit in the Stein Case, 105 Fed. 749, 45 C. C. A. 29.

Neither do we think there is any merit in the objection that the involuntary proceedings have been invalidated by the adjudication of bankruptcy in the voluntary proceedings. The involuntary proceedings were commenced in good faith. The attorney of Walter Sherwood Service knew of the institution of these proceedings before he filed the petition in voluntary bankruptcy. We cannot escape the conviction that he knew, before he filed the petition in the voluntary proceedings, that the person intended to be described as a bankrupt in the involuntary proceedings was none other than Walter Sherwood Service. He does not deny such knowledge. To give validity to the voluntary proceedings means that Minnie S. Gleason, a daughter of Walter Sherwood Service, shall be a creditor preferred over the three creditors who filed the petition in the involuntary proceedings and over the other general creditors of Walter Sherwood Service. In view of the power of the court to allow amendments, of the prompt application of the creditors in the involuntary proceedings to secure an amendment when their attorney had discovered the error in naming the alleged bankrupt as William S. Service instead of Walter Sherwood Service, and of the knowledge which Walter Sherwood Service's attorney had of the pendency of the involuntary proceedings when he filed the petition in voluntary bankruptcy, we think the proceedings in voluntary bankruptcy cannot stand, and that the District Court had the power to make, and did properly make, the order of September 26, 1905, now under review.

The conclusion therefore is that the order should be affirmed, with costs against the petitioner, Minnie S. Gleason.