### In re IRISH.

(District Court, E. D. Pennsylvania. December 28, 1915.)

No. 5611.

BANKRUPTCY ☞84—INVOLUNTARY PETITIONS—AMENDMENT—"ACT OF BANKRUPTCY."

Bankr. Act July 1, 1898, c. 541, § 3a, 30 Stat. 546 (Comp. St. 1913, § 9587), provides that acts of bankruptcy by a person shall consist of his having (1) conveyed, etc., property with intent to hinder, delay, or defraud creditors; or (2) transferred while insolvent any portion of his property to creditors with intent to prefer them; or (3) suffered or permitted while insolvent any creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference. A petition to have a person adjudicated a bankrupt on the ground that he confessed judgment to his wife in an amount equal to the value of his real estate, his only disclosed asset, alleged this to be an act of bankruptcy under clause 3, and the petitioning creditors asked leave to amend to allege acts of bankruptcy under clauses 1 and 2. *Held*, that leave to file an amended petition alleging any act of bankruptcy within the general scope of the facts set forth in the original petition would be granted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ☞84.

For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

In Bankruptcy. In the matter of Ned Irish, an alleged bankrupt. On motion to dismiss the petition. Motion denied conditionally.

G. Herbert Jenkins, of Philadelphia, Pa., for alleged bankrupt.

Montgomery Evans, of Norristown, Pa., for petitioning creditors.

DICKINSON, District Judge. This case has taken on a very practical phase and is disposed of with this in view. The real question involved is whether an insolvent, whose sole disclosed asset is real estate, may confess a judgment to his wife in an amount fully equal to the value of the real estate, and through the lien thus acquired ab-

sorb all the assets, and by merely withholding execution escape bankruptcy proceedings against him. The petition of creditors as filed avers what was done to have been the act of bankruptcy set forth in clause (3) of section 3a. It has been authoritatively ruled by the courts of this district that the things charged to have been done by the bankrupt do not constitute the act of bankruptcy set forth in this clause. This has been since settled for us as the law in Citizens' Banking Co. v. Ravenna Bank, 234 U. S. 360, 34 Sup. Ct. 806, 58 L. Ed. 1352.

We have in consequence .the admission of counsel for petitioning creditors that the petition is not self-supporting. This situation is met by a request to amend, so that the petition may aver the acts of bankruptcy defined in clauses (1) and (2) of the same section. It is argued for petitioners that the cause may proceed to an adjudication on these grounds, if unchallenged by an answer. Apparently counsel for the bankrupt feel embarrassed in meeting this argument, because the facts upon which the judgment of the court must proceed do not get upon the record until the amended petition has been filed. They, in consequence, adhere to' the position that the present petition discloses no basis for an adjudication, and the proceedings, because of this, should be dismissed. To meet this situation we allow an amendment of the petition to be filed averring any act of bankruptcy which the petitioners may feel justified in alleging, provided the amended petition is kept within the general scope of the facts set forth in the original petition. Such amended proceedings will be subject to any motion which the bankrupt may make, or the bankrupt may make answer thereto, as if said amended petition had been originally filed.

If such amended petition be not filed in 10 days, an order dismissing the proceedings may be entered.