## In re TRIANGLE S. S. CO., Inc.

(District Court, S. D. New York. May 10, 1920.)

**Bankruptcy ⊙⇒84—Four-months period computed from filing of amended petition.**

Where acts of bankruptcy are sufficiently alleged for the first time in an amended petition, the four-months period within which such acts must have been committed must be computed from the filing of the amended, and not the original, petition.

In Bankruptcy. In the matter of the Triangle Steamship Company, Incorporated, alleged bankrupt. On demurrer to amended petition. Demurrer sustained.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (John M. Woolsey, John S. Sheppard, Jr., and D. M. Tibbetts, all of New York City, of counsel), for demurrer.

Cass & Apfel, of New York City (Alvin C. Cass, of New York City, of counsel), opposed.

MAYER, District Judge. Judge Learned Hand's opinion and order (267 Fed. 300) left the case in the position that the amended petition is to be considered on its merits. The question involved may be briefly stated:

The original petition was held demurrable because the petition failed to set forth acts of bankruptcy. The present petition sets forth allegations as to acts of bankruptcy within the four-months period referred to in section 3b of the Bankruptcy Act (Comp. St. § 9587). It will be assumed, although not decided, that the petition sufficiently alleges the acts complained of. The amended petition recites that "within four months next preceding the date of this petition, and while insolvent," the alleged bankrupt "committed acts of bankruptcy as follows." It thereupon sets out the exact language contained in the original petition as defining the acts of bankruptcy, numbering them I and II. It then recites:

"That the particulars of the transfers set forth in paragraphs I and II are more particularly alleged and specified as follows."

The transactions then set forth are the only ones specifically stated to have occurred more than four months prior to the filing of the amended petition, but apparently within four months prior to the filing of the original petition. The question, then, is whether, for the purpose of calculating the four months, the date is that of the original or of the amended petition.

It is settled by authority. In the case of In re Condon, 209 Fed. 801, 126 C. C. A. 524, Judge Lacombe said:

"The original petition, filed April 12, 1911, merely alleged, in the language of the statute, that Condon has made transfers to hinder, delay, or defraud creditors. * * * There was no specification of any of these, nor were any facts in relation thereto set forth. This was insufficient under decisions of this court. In re Rosenblatt, 193 Fed. 638, 111 C. C. A. 506 (January 29,

1912) ; and In re Brocton Ideal Shoe Co., 202 Fed. 199, 120 C. C. A. 447 (January 13, 1913). Thereafter, on May 25, 1911, the petition was amended by setting forth the details of 12 separate transactions of the kind charged in the original petition. Since the petition became a sufficient one only when it was fortified with this amendment, the date of the amendment must be taken as the date from which the four-months period of section 3b is to be calculated. This eliminates all of said alleged transactions except the last 4. Since a single act of bankruptcy, if proved, will sustain an adjudication, it will be sufficient to consider only the twelfth of these alleged transfers."

Judge Hough covered the same point by his observations in In re Havens, 255 Fed. at page 481, 166 C. C. A. at page 557:

"It was assumed below that this was an act of bankruptcy not set forth in the original petition and only charged in and by an amendment made more than four months after its commission. Whether such an act, occurring more than four months before amendment, could be introduced into a pending proceeding, was thought an 'interesting question' by Lacombe, J., in the Riggs Case, supra. This court answered it in the negative (In re Haff, 136 Fed. 80, 68 C. C. A. 646), the matter not having been covered by In re Sears, 117 294, 54 C. C. A. 532, which was correctly explained and limited in application by Gleason v. Smith, 145 Fed. 897, 76 C. C. A. 427. The general rule as stated in the Haff Case has been approved, especially in the Ninth Circuit (Walker v. Woodside, 164 Fed. 685, 90 C. C. A. 644), and in the Seventh (In re Brown Commercial Car Co., 227 Fed. 390, 142 C. C. A. 83). Our own decision (In re Condon, 209 Fed. 801, 126 C. C. A. 524) is (in this respect) but a reassertion of the Haff Case. This rule rests in theory upon the reasoning of Justice Nelson in Re Craft, 6 Blatchf. 177, Fed. Cas. No. 3,317, where it was pointed out that 'to allow a substantial amendment—that is, one going to the whole foundation of the proceeding nunc pro tunc—would be a direct violation' of a limitation 'obviously for the benefit of the debtor' namely, the requirement that proceedings must be brought within a limited time after the act of bankruptcy is committed; i. e., under the present statute, four months. If, therefore, the creditors' allegations in respect of the proceeds of the $30,000 mortgage are to be regarded as stating an act of bankruptcy committed, and complete more than four months before amended petition filed, the order complained of was right."

To the same effect is In re Louisell Lumber Co., 209 Fed. 784, 126 C. C. A. 508. These cases, with others therein cited, are decisive of this case.

The demurrer is sustained, and the petition will be dismissed.