### In re GLORY BOTTLING CO. OF NEW YORK, Inc.

(District Court, E. D. New York.   December 3, 1921.)

1. Bankruptcy ⬤⟿77—Dividing claim against alleged bankrupt.

    A single claim against an alleged bankrupt may not be divided, for the purpose of making the requisite number of petitioning creditors; but the mere fact that the claims of two of the petitioning creditors are based on trade acceptances received from the same source does not invalidate the petition.

2. Bankruptcy ⬤⟿84—Court may permit amendment to make petition more specific.

    The court may permit amendment of an involuntary petition, to make allegations which are too general more specific.

In Bankruptcy.   In the matter of the Glory Bottling Company of New York, Inc., alleged bankrupt.   On motion to dismiss petition. Granted, subject to leave to amend.

Joseph G. M. Browne, of New York City, for bankrupt.

William Hauser, of New York City (Max Rockmore, of New York City, of counsel), for petitioning creditors.

GARVIN, District Judge. The alleged bankrupt has moved to dismiss the petition herein on the ground that upon the face thereof it is jurisdictionally defective. The specific objections are, first, that it appears from the petition that a claim of the National Box & Lumber Company, which totals the sum of $4,132.48, was divided into two parts for the purpose of obtaining the requisite number of petitioning creditors, two of whom, Prigg and Kopp, were described as assignees of the last-mentioned company; second, that the petition pleads the language of the statute in its references to the alleged acts of bankruptcy, without setting forth in detail the facts constituting the same; third, that the petition is based upon information and belief, the sources of information and grounds of belief not being stated; and, fourth, that the petition sets forth that the alleged bankrupt is insolvent, without pleading in detail the facts from which insolvency necessarily follows.

[1] It is quite true that the courts have disapproved of a creditor dividing his claim for the purpose of obtaining the number of creditors necessary under the Bankruptcy Act (Comp. St. §§ 9585–9656). Stroheim v. Perry Co., 175 Fed. 52, 99 C. C. A. 68; In re Tribelhorn, 137 Fed. 3, 69 C. C. A. 601; In re Halsey (D. C.) 163 Fed. 118; In re Independent Thread Co. (D. C.) 113 Fed. 198. The petition discloses, however, that what two of the petitioning creditors have done is to acquire trade acceptances from one source. These acceptances are very common in the commercial world. Each represents a separate cause of action, and usually is originally delivered for the purpose of enabling the holder to realize upon the same by a further transfer thereof. It may develop upon the trial of the issues that the transfers were for the purpose of creating the necessary number of petitioning creditors, but the court is of the opinion that the mere fact that the claims of two of the petitioning creditors are based upon trade acceptances received from the same source does not invalidate the petition.

[2] With respect to merely pleading, in the words of the statute, the acts of bankruptcy, the failure to set forth the sources of information and the grounds of belief, and the statement in the petition that the bankrupt is insolvent, without setting forth facts from which insolvency necessarily follows, the court is of the opinion that the authorities justify the petitioning creditors being required to comply by amendment with the objections raised. The court believes that it has ample power to permit these amendments (In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434, 13 Am. Bankr. Rep. 665), and in view of the fact that it is asserted, and not denied, that the effect of dismissing this petition will be to prevent the petitioning creditors under a new petition from attacking a mortgage made by the bankrupt within the prohibited four months period, the court is of the opinion that the interests of justice require that the petitioning creditors be allowed an opportunity to file an amended petition, in accordance with the foregoing suggestions.

The motion is therefore granted, unless an amended petition is filed within 10 days after the service of a copy of the order to be entered herein, with notice of entry thereof. It should be noted that the petition does not comply with General Orders in Bankruptcy XXI, subdivision 3 (89 Fed. ix, 32 C. C. A. ix). The amended petition must set forth the true consideration. In view of all the surrounding conditions, when the amended petition is filed, petitioning creditors must give a bond of $500, and the amended petition must set forth the addresses of the petitioning creditors.