### In re BIELER et al.

(Circuit Court of Appeals, Second Circuit. December 3, 1923.)

No. 8.

**1. Bankruptcy ⟨⟩461—Appeal held taken in time.**

Where petition for appeal bore date of November 15th, and the assignment of errors on which petitioners stated that they would rely on prosecution of appeal stated that the appeal was from a decree made on November 4th, and the petition for appeal stated that the petitioners were aggrieved by a decree rendered and entered on November 6th, the appeal *held* to have been taken in time, under Bankruptcy Act, § 25 (Comp. St. § 9609).

**2. Bankruptcy ⟨⟩440—Appeal proper method of reviewing order dismissing petition in bankruptcy.**

An order dismissing petition in bankruptcy *held* properly reviewable by appeal.

**3. Time ⟨⟩10(9)—Holiday excluded in computing time for petition to revise.**

Where petition to revise, complaining of error in refusing to grant leave to amend petition in involuntary bankruptcy stated that on or about November 20, 1922, the order to be revised was entered, and the certificate appended to the petition by the notary public who took the acknowledgment certified it as subscribed and sworn to before him on De-

cember 1, 1922, and it was filed on the same day in the clerk's office, *held*, that the petition was filed in time, under C. C. A. Rule 14, since November 30, 1922, was Thanksgiving Day.

4. Bankruptcy ☞440—Revision held proper mode of review of order refusing leave to amend.

An order refusing leave to amend a petition in involuntary bankruptcy *held* properly reviewable by petition to revise.

5. Bankruptcy ☞81(4)—Involuntary petition held insufficient in failing to allege bankrupt's wrongful intent in making payments.

An involuntary bankruptcy petition, averring that the alleged bankrupt committed an act of bankruptcy in paying sums of money to certain persons, but failing to allege that the payments were made with intent to hinder, delay, or defraud, is insufficient; the intent to prefer being an essential element of such act of bankruptcy.

6. Bankruptcy ☞82, 84—Verification of involuntary petition on information and belief held insufficient, but curable by amendment.

An involuntary bankruptcy petition, verified on information and belief, is insufficient under Bankruptcy Act, §§ 18c, 30 (Comp. St. §§ 9602, 9614), and General Order 38; but such defect is not jurisdictional or fatal, but is one curable by amendment.

7. Bankruptcy ☞84, 446—Amendments discretionary.

The granting of amendments in bankruptcy proceedings rests in the sound discretion of the court, and its decision is not interfered with by an appellate court, unless abuse of discretion appears.

8. Bankruptcy ☞84—Petitions may be amended.

Petition in bankruptcy proceedings may be amended, as may pleadings in actions at law and suits in equity.

9. Bankruptcy ☞84—Amendment allowable to secure greater precision.

An amendment to a petition in bankruptcy is properly allowed if it is for the same cause of action asserted in the original petition, giving greater precision to charges made therein.

10. Pleading ☞246(1)—Complaint may be amended to render statements more definite.

Generally the allegations of a complaint may be amended to make the original statements more definite and precise; the test being whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid.

11. Bankruptcy ☞84—Petition in involuntary bankruptcy, insufficiently alleging act of bankruptcy, held amendable.

Where petition in involuntary bankruptcy was defective, in not stating that payments by the bankrupt relied upon as acts of bankruptcy were with intent to defraud or prefer, *held*, that allowing an amendment for the purpose of more specific allegations concerning the acts of the bankrupt complained of in the original petition was within the power of the District Court, if the amendment was applied for while the case was still before the court.

12. Appeal and error ☞1169(3)—Refusal to allow an amendment which is within the court's discretion requires reversal and remanding.

When a court declines, on the ground of lack of power, to allow an amendment to be made which it is within its discretion to grant, the case must on appeal be reversed and sent back, for it to take such action in the matter as it, in its discretion, may determine.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Irving Bieler and Irving Batzer, individually and as copartners doing business as the Irving Doll Company, alleged bankrupts. The Kago Doll Company, Inc., appeals from an order dismiss-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing petition in bankruptcy, and petitions to revise order denying leave to amend petition in involuntary bankruptcy. Order denying leave to amend reversed and remanded, with directions.

Sidney S. Bobbe, of New York City, for appellant.
Sobel & Brand, of New York City, for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. [1, 2] This involves a proceeding in involuntary bankruptcy. The record brings, by order of consolidation, an appeal from an order dismissing a petition in bankruptcy, and also a petition to revise an order of the District Court denying leave to file an amended petition in involuntary bankruptcy. The order appealed from was made on November 4, 1922, and the order which we are asked to revise was entered on November 20, 1922.

The petition for appeal bears date of November 15, 1922, the order appears in the record as made on October 4, 1922, and the assignment of errors upon which the petitioners say they will rely upon the prosecution of the appeal states that the appeal is from a decree made on November 4. The petition for appeal states that the petitioners are aggrieved by a decree rendered and *entered* on November 6.

The appeal being from an order which dismissed a petition in involuntary bankruptcy, thereby refusing to adjudge persons to be bankrupts who are in the petition alleged to be bankrupts, it was necessary that it should be taken within "10 days after the judgment appealed from has been *rendered*," as required by section 25 of the Act of July 1, 1898 (30 Stat. 553 [Comp. St. § 9609]). The appeal, therefore, in any event, appears to have been taken in time, and to be the proper method of reviewing the error alleged to have been committed.

[3, 4] The petition to revise states that error was committed in the court below in refusing to grant leave to amend a petition in involuntary bankruptcy. It states that on or about November 20, 1922, the order to be revised was entered. The petition bears no date but the certificate appended to it by the notary public who took the acknowledgment certifies it as "subscribed and sworn to before him on December 1, 1922," and it was filed on the same day in the clerk's office. Rule 14 of this court requires that petitions to revise must be filed and served within 10 days after the entry of the order sought to be revised. As November 30 was Thanksgiving Day, and therefore a legal holiday, the petition was filed in time. It was also the proper method of reviewing the error alleged to have been committed.

[5] The appeal being properly before us, we pass to a consideration of its merits. It is from an order dismissing a petition seeking to have Irving Bieler and Irving Batzer individually and as members of the firm of Irving Doll Company adjudged involuntary bankrupts. It alleges that the persons named are insolvent, and then:

"That within four months preceding the filing of this petition, to wit, on the 10th day of September, 1922, the said Irving Doll Company while insolvent, committed an act of bankruptcy in that they did on that day pay to Compound Specialty Company by check the sum of $104, and that they also on the 18th day of August, 1922, while insolvent, did commit further

acts of bankruptcy by paying to the Harrington Glue Company a check for $100, and on the same day by paying to the Chemical Novelty Company a check for the sum of $100."

The answer denied the facts stated in the petition were sufficient to warrant the granting of the relief prayed for, and that the petition did not allege or set forth any acts of bankruptcy as prescribed under the Bankruptcy Act (Comp. St. §§ 9585–9656). The persons alleged to be bankrupts interposed an answer, in which they asked that the petition be dismissed, as it appeared on the face of the petition that the court was without jurisdiction to grant the relief prayed. This answer was filed on September 22, 1922, and on October 10, 1922, the court granted the motion to dismiss, and in doing so stated in the opinion:

"No act of bankruptcy is set forth, and neither by this petition nor by the petition for a receiver did the court obtain jurisdiction. The petition cannot be amended, as the defect is not something which could be cured by mere silence as to objection. The jurisdictional defect would be fatal until the omitted portion is supplied or admitted, or until jurisdiction is obtained by voluntary appearance. Here the objection is taken at once. Petition will be dismissed and all orders vacated. Settle order on notice."

According to section 59 of the Bankruptcy Act (Comp. St. § 9643), in every case of a proceeding in involuntary bankruptcy it is requisite that the amount of the debts represented by those joining in the petition should be at least $500. Those joining in the petition filed in this proceeding aggregated $749. The petition alleged that the number of creditors was more than 12. In such cases the number of creditors who must join in the petition is at least 3, and the petition as filed was signed by that number. Now an act of bankruptcy is an act committed by a debtor which will render him liable to be proceeded against in involuntary bankruptcy by his creditors. The statute (Comp. St. § 9587) enumerates the acts which shall be deemed "acts of bankruptcy." They are as follows:

"(1) Conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them; or

"(2) Transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; or

"(3) Suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference; or

"(4) Made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States; or

"(5) Admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground."

The act of bankruptcy relied upon herein evidently was the second in the five above enumerated. But in such petitions as the one here involved it is absolutely necessary, in order to give the bankruptcy court jurisdiction, that the essential facts should appear affirmatively and distinctly. A petition which avers that the person it is sought to have adjudged a bankrupt committed an act of bankruptcy, in that he

295 F.—6

paid sums of money to certain persons, but which fails to allege that these payments were made with intent to hinder, delay, or defraud his creditors, or any of them, is not sufficient. The intent to prefer is an essential element of such an act of bankruptcy. In re McGraw (D. C.) 254 Fed. 442, 444, 445; In re Irish (D. C.) 238 Fed. 411; In re Truitt (D. C.) 203 Fed. 550; In re Tupper (D. C.) 163 Fed. 766; In re Hammond (D. C.) 163 Fed. 548; In re Ewing, 115 Fed. 707, 53 C. C. A. 289.

[6] The foregoing defects in the petition were not the only ones which it contained. It appears that the verification of the petition, which is made by the president of the petitioner, states that the statements of fact therein contained "are true according to the best of his knowledge, information, and belief." Although our attention was not called to this defect by counsel, we think it proper to point out that the form of verification was not in conformity with the form of oath prescribed. Bankruptcy Act, § 18c (Comp. St. § 9602) provides that:

"All pleadings setting up matters of fact shall be verified under oath."

The act does not prescribe the form of the oath. But section 30 of the act (section 9614) provides that:

"All necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

In pursuance of the power thus conferred the Supreme Court prescribed certain forms, and by General Order 38 prescribed the form of verification for an involuntary petition in bankruptcy as follows:

"That the statements contained in the foregoing petition, subscribed by them, are true." 9 U. S. Compiled Statutes, p. 11403.

And the form prescribed for a voluntary petition is as follows:

"That the statements contained therein are true according to the best of my [their] knowledge, information, and belief." 9 U. S. Statutes (Compiled) p. 11394.

In the one case the court prescribed the absolute, and in the other one the qualified, form of oath. In the case under consideration, the petitioner's oath of verification is qualified, and is not absolute, as required. See In re Okmulgee Producing & Refining Co. (D. C.) 265 Fed. 736, 738. The defect in the verification was not jurisdictional. That defect was not fatal, and was one which might be cured by amendment. Green River Deposit Bank v. Craig (D. C.) 110 Fed. 137; In re Farthing (D. C.) 202 Fed. 557, 566.

This brings us to a consideration of the petition to revise. The petition to revise states as follows:

"That on or about the 6th day of November, 1922, an order was entered in the office of the clerk of the District Court for the Eastern District of New York dismissing the petition herein for insufficiency. That *thereafter* an application was duly made for leave to file an amended petition, and on or about the 20th day of November, 1922, an order was duly entered in said court denying said application to file an amended petition, a copy of which order is hereto annexed."

In denying the petition to amend, the District Judge filed an opinion in which he said:

"The court had no jurisdiction conferred by the prior petition and the petition has been ordered dismissed. The remedy is to file a new petition, which should have been done as soon as the motion was decided. As the creditors had a receiver presumably in possession, they would have sustained no damage except liability for costs, which would then have been small. If they will not follow the court's orders, then the court may not be able to protect them at all. Motion denied, with leave to file a new and proper petition."

General Orders in Bankruptcy, as promulgated by the Supreme Court of the United States, rule No. XI, provides that the court may allow the amendments to the petition and schedules on application of the petitioner.

[7] The granting of amendments in bankruptcy proceedings in the federal court rests in the sound discretion of the court, and its decision is not interfered with by an appellate court, unless an abuse of discretion is shown. Sabin v. Blake-McFall Co., 223 Fed. 501, 503, 139 C. C. A. 49.

[8, 9] It is beyond question that petitions in bankruptcy proceedings may be amended, as may pleadings in actions at law and suits in equity. Gleason v. Smith, Perkins & Co., 145 Fed. 895, 76 C. C. A. 427. And an amendment is properly allowed, if it is for the same cause of action asserted in the original petition, giving greater precision to charges made therein. In re Louisell Lumber Co., 209 Fed. 784, 126 C. C. A. 508.

[10] It is a general rule of pleading that the allegations of a complaint may be amended for the purpose of making the original statements more definite and precise. In such cases the test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid. Daley v. Gates, 65 Vt. 591, 27 Atl. 193. See 1 Encyc. Pl. & Pr. 560.

[11] In the case of In re Havens, 255 Fed. 478, 166 C. C. A. 554, a petition in involuntary bankruptcy was filed against one Havens. He moved to dismiss it on the ground that it did not set forth sufficient facts to give the court jurisdiction to enter an adjudication in bankruptcy against him. The District Judge held the petition insufficient but allowed it to be amended. The case was appealed to this court, and we held that the amendment was properly permitted, being a restatement of the facts contained in the original petition. That case makes it clear (so far as this court is concerned) that it was within the power of the District Court in the instant case to have permitted the amendments to be made to the original petition which the petitioner sought to have made. He did not ask to be permitted to set up a new act of bankruptcy, but only to be permitted to be more specific concerning the acts of the bankrupt complained of in the original opinion. This amendment was within the power of the District Court to allow, if the amendment was applied for while the case was still before the court.

The record discloses that the petition for leave to amend was filed before the original petition in bankruptcy was dismissed. It was noticed for hearing for October 20, 1922, and the order dismissing that petition was not entered until November 6, 1922. Inasmuch as the order dismissing the original petition had not been entered until after the petition to amend was in the court, the amendment might have been allowed.

[12] The court below denied the application made to amend, on the ground that it had no power to amend. If it had dismissed the original petition before the application to amend was presented to the court, we should have a different question to consider. But the application to amend, as already stated, was before the court prior to the entry of the order on November 6th, which dismissed the original petition. In assuming that it was without power to amend in the manner proposed, the court fell into error. In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434; In re Glory Bottling Co. (D. C.) 278 Fed. 625; In re Brown Commercial Car Co., 227 Fed. 387, 142 C. C. A. 83; In re Irish (D. C.) 228 Fed. 573. And when a court declines to allow an amendment to be made, which it is within its discretion to grant, the case must on appeal be reversed and sent back, for it to take such action in the matter as it, in its discretion, may determine.

Judge HOUGH was present at the argument, but has not seen the opinion, because of necessary absence, and did not participate in the final decision.

Order reversed, and case remanded, with directions to proceed in accordance with this opinion.