## STOLZENBACH v. PENN–AMERICAN GAS COAL CO.

### In re WEST PENN FUEL CO.

(Circuit Court of Appeals, Third Circuit. February 9, 1924.)

No. 3063.

1. **Bankruptcy ⊂⊃84—Supplemental or amended petition cannot be filed pending appeal.**

Pending an appeal from a decree dismissing an involuntary bankruptcy petition, a different claim or act of bankruptcy cannot be set up by amendment or supplemental petition, without remand, since there is nothing before the District Court to supplement or amend.

2. **Bankruptcy ⊂⊃84—Amendment including acts occurring since filing of petition not allowed.**

An amendment including acts of bankruptcy occurring since the filing of the petition will not be allowed.

3. **Bankruptcy ⊂⊃314(2), 421(1)—Rights of creditors fixed by status of claims at time of filing of petition.**

The rights of creditors to prove debts and share in the distribution of the assets of a bankrupt estate are fixed by the status of their claims at the time of the filing of the petition in bankruptcy, and a debt contracted after the filing of the petition cannot be proved in bankruptcy, nor is the bankrupt released from such debts by a discharge in bankruptcy.

4. **Bankruptcy ⊂⊃84—Remedy of creditor whose debt arose subsequent to filing of petition is new petition.**

The remedy of a creditor whose debt arose subsequent to a filing of a petition in bankruptcy is by a new petition, and not by a supplementary petition in the original proceeding, or by motion to amend in the original proceeding.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Involuntary petition in bankruptcy of C. H. Stolzenbach, trustee in bankruptcy of the West Penn Fuel Company, against the Penn-American Gas Coal Company. From a decree dismissing the petition, the trustee appeals. Reversed, with directions.

See, also, 295 Fed. 630.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George J. Shaffer and W. F. Petty, both of Pittsburgh, Pa., for appellant.

George R. Wallace and Wallace & Patterson, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court dismissing the involuntary petition in bankruptcy of C. H. Stolzenbach, trustee in bankruptcy of the West Penn Fuel Company, on the sole ground that another proceeding in bankruptcy was then pending in this court on appeal from a decision of the District Court, in which the present petitioning creditor in bankruptcy was held not to have a provable claim against the alleged bankrupt. This court has since affirmed the decree in that case.

On January 23, 1923, the trustee filed a second petition, based upon an alleged new, provable claim, and upon a new act of bankruptcy committed since the disposition of the former case by that court. The trial judge held that the trustee could proceed on this new claim and new act of bankruptcy only "by a supplementary petition in the original proceeding or by motion to amend the original proceeding," and not by a new petition. He expressly did not pass upon the merits of the new claim, nor the new act of bankruptcy. We are limited, therefore, to the sole question of procedure. After the District Court had disposed of the first petition by passing upon all the questions raised by it, and an appeal had been taken from the decree to this court, was a supplementary petition in the original proceeding, or a motion to amend, the proper procedure?

[1, 2] The appeal from the decree of the District Court to this court removed the entire proceedings to this court, and there was nothing before that court which a petition could supplement or amend. And so the trustee could not have proceeded by supplementary petition or amendment. Before anything could have been done in the first proceeding in the District Court, it would have been necessary to remand the case to that court for further proceedings. If remanded, an amendment could only have made effective what in some form was already before the court. In re Mercur, 122 Fed. 384, 58 C. C. A. 472. But the new claim and new acts of bankruptcy were not before the court in the first proceeding. An amendment including acts of bankruptcy occurring since the filing of the petition will not be allowed. In re McGraw (D. C.) 254 Fed. 442; In re Pure Milk Co. (D. C.) 154 Fed. 682.

[3, 4] The rights of creditors to prove debts and share in the distribution of the assets of a bankrupt estate are fixed by the status of their claims at the time of the filing of the petition in bankruptcy. A debt contracted after the filing of the petition cannot be proved in bankruptcy, nor is the bankrupt released from such debts by a discharge in bankruptcy. Loveland on Bankruptcy (3d Ed.) 337, 338. It is alleged that the new claim and the new acts of bankruptcy did not arise until October 18, 1922, 14 months after the first petition was filed. Therefore the new claim could not have been proved under the first petition, and if a creditor does not have a provable claim, he may not join

in a petition. Beers v. Hanlin (D. C.) 99 Fed. 695; In re Ellis, 143 Fed. 103, 74 C. C. A. 297. The remedy of a creditor whose debt arose subsequent to the filing of a petition in bankruptcy is by a new petition. In re Sears, 117 Fed. 294, 54 C. C. A. 532. The questions of the new claim and new act of bankruptcy were properly raised in the new petition, and should have been adjudicated.

The decree is therefore reversed, with directions to reinstate the petition and adjudicate the questions raised therein.

BUFFINGTON, Circuit Judge, did not take part in the decision of this case.