### SABIN v. BLAKE-McFALL CO. et al.

### In re EQUAL RIGHTS CO., Inc.

(Circuit Court of Appeals, Ninth Circuit.  May 10, 1915.)

### No. 2541.

**1.** BANKRUPTCY ☞84, 446—AMENDMENT OF PETITION—DISCRETION OF COURT.

Whether an amended petition of involuntary bankruptcy should be permitted to be filed after the expiration of the time allowed by the court for filing it rested entirely in the sound judicial discretion of such court, and its decision would not be interfered with by a reviewing court, except for an abuse of discretion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129, 929; Dec. Dig. ☞84, 446.]

**2.** BANKRUPTCY ☞81—INVOLUNTARY PROCEEDINGS—SUFFICIENCY OF PETITION—BUSINESS CORPORATION.

Bankruptcy Act July 1, 1898, c. 541, § 4b, 30 Stat. 547, as amended by Act June 25, 1910, c. 412, § 4, 36 Stat. 839 (Comp. St. 1913, § 9588), provides that any incorporated company and any moneyed business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, may be adjudged an involuntary bankrupt. A petition alleged that the alleged bankrupt was a corporation engaged in the general retail merchandise business, and that it was neither a municipal, railroad, insurance, nor banking corporation. *Held*, that this sufficiently showed that the alleged bankrupt was a "business corporation," which might be adjudged an involuntary bankrupt, as any language, the fair and reasonable import of which is that the alleged bankrupt is a moneyed, a business, or a commercial corporation, is sufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ☞81.]

**3.** BANKRUPTCY ☞81—INVOLUNTARY PROCEEDINGS—SUFFICIENCY OF PETITION—"OPEN ACCOUNT"—"STATED ACCOUNT."

An involuntary petition in bankruptcy alleged that the claim of one of the petitioning creditors was for money due on an open account from the alleged bankrupt upon a stated account rendered on a specified date. *Held*, that while an "open account" is an account in which some item is not settled between the parties, or a running account, while a "stated account" is an account presented by the creditor and assented to as correct by the debtor, there was no inconsistency in the use of both terms, and the petition was not defective, as it was undoubtedly intended to allege that the claim was represented by a stated account,

___

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

based upon an open account, and it is sufficient if the language used is of sufficient definiteness to identify the claim in the mind of the alleged bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ☞81.

For other definitions, see Words and Phrases, First Series, Stated Accounts; also First and Second Series, Account Stated; Open Account.]

4. BANKRUPTCY ☞22—ORDERS AND FORMS—FORCE AND EFFECT.

The general orders and forms in bankruptcy, adopted and established by the Supreme Court, have the force and effect of law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. ☞22.]

5. BANKRUPTCY ☞82—INVOLUNTARY PROCEEDINGS—PETITION—SUFFICIENCY OF VERIFICATION.

General Order in Bankruptcy No. 38 (89 Fed. xv, 32 C. C. A. xxxvii) provides that the forms annexed to such general orders shall be used with such alterations as shall be necessary. Form 1 (89 Fed. xv, 32 C. C. A. xxxix) requires a debtor's voluntary petition to be verified by an oath that the statements therein contained are true according to the best of the petitioner's knowledge, information, and belief. Form 3 (89 Fed. xxviii, 32 C. C. A. lii) requires a creditor's petition in involuntary bankruptcy to be verified by an oath that the statements therein contained are true. *Held*, that the verification of an involuntary petition by an oath that the facts contained therein were true, as the petitioner verily believed, was insufficient; there being nothing to show that the qualification as to the petitioner's belief was necessary to suit the circumstances of the particular case.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 123; Dec. Dig. ☞82.]

6. BANKRUPTCY ☞84—INVOLUNTARY PROCEEDINGS—PETITION—AMENDMENT.

Though the verification of a petition in involuntary bankruptcy upon belief is insufficient, the defect is not jurisdictional and may be cured by amendment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ☞84.]

7. BANKRUPTCY ☞22—INVOLUNTARY PROCEEDINGS—PETITION—FORM.

It is important and necessary that the provisions of the bankruptcy act and the forms and methods of procedure promulgated thereby and by the Supreme Court pursuant thereto should be closely followed in the preparation of petitions and all other papers, instead of using whatever form of statement may occur to the pleader.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. ☞22.]

Petition for Revision of Order of the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Petition by the Blake-McFall Company and others to have the Equal Rights Company, Incorporated, adjudged a bankrupt. On petition by R. L. Sabin for revision of an order denying a motion to dismiss the creditors' third amended petition in bankruptcy. Reversed, and petition dismissed, unless creditors properly verify the petition.

Sidney Teiser, of Portland, Or., for petitioner.

Seitz & Clark and Manning, Slater & Leonard, all of Portland, Or., for respondents.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. On September 8, 1914, an involuntary petition in bankruptcy was filed by certain alleged creditors (the respondents herein) of the Equal Rights Company, Incorporated, a corporation, wherein they prayed that such corporation be adjudged a bankrupt. Thereafter R. L. Sabin, the petitioner herein, having asked for and obtained leave to intervene as a creditor in the bankruptcy proceedings, filed a motion to dismiss the petition, which motion was sustained. On September 26, 1914, by permission of the court below, the petitioning creditors filed an amended petition, and, the petitioner herein having interposed a motion to dismiss the petition as amended, the motion was sustained. Thereafter, and on the 26th day of October, 1914, a second amended petition was filed by the petitioning creditors, and it also, upon motion of the petitioner herein, was dismissed on November 16, 1914; the court in its order of dismissal granting the petitioning creditors five days within which to file a third amended petition. On November 23, 1914 (two days after the expiration of the time thus granted), the petitioning creditors moved the court for further time within which to file the third amended petition (the court at that time being occupied by a judge other than the one who had granted the former orders in the proceeding); and the petitioning creditors, pursuant to such request, were granted to and including the 23d day of November, 1914, within which to file the third amended petition. The third amended petition, denominated by the petitioning creditors as "second amended petition," was, however, not filed until November 25, 1914, two days after the expiration of the time as last extended by the court. On December 3, 1914, the petitioner herein filed a motion to dismiss the third amended petition of the petitioning creditors, which motion was denied. The present petition for revision has been filed for the purpose of having this court review, in matters of law, the order of the court below denying the petitioner's motion to dismiss the third amended petition.

The grounds upon which the petition for review are based are four:

[1] First. That the third amended petition was not filed within the time allowed by the order permitting the amendment.

The whole matter of permitting or refusing amendments in bankruptcy proceedings in the federal courts rests entirely in the sound judicial discretion of the lower court, and, in accordance with the general rule, its decision will not be interfered with by a reviewing court, unless abuse of discretion has been shown. Pittsburgh Laundry Supply Co. v. Imperial Laundry Co., 154 Fed. 662, 83 C. C. A. 486; Loveland on Bankruptcy, vol. 1, p. 421. In the present case we cannot say that no good and sufficient reason was presented to the court below for permitting the filing of the amendment after the expiration of the time fixed for that purpose. It is sufficient that no abuse of discretion has been shown.

[2] Second. That the petition, as amended, does not show that the alleged bankrupt is amenable to the provisions of the Bankruptcy Act.

It is alleged in the amended petition that the Equal Rights Company, Incorporated, is a corporation duly organized and existing under and by virtue of the laws of the state of Oregon, with its principal place

of business in the city of St. Johns, county of Multnomah, state of Oregon; that the corporation, for the greater part of six months preceding the date of the filing of the original petition herein, has had its principal place of business in the city of St. Johns, county of Multnomah, state of Oregon, and as such was engaged in the general retail merchandise business; that the company is insolvent and is neither a wage-earner nor a person engaged in farming or tillage of the soil, nor a municipal, railroad, insurance, or banking corporation. The objection to the petition is that it does not allege that the company is a "moneyed, business, or commercial corporation," in the language of section 4b of the Bankruptcy Act of 1898, as amended by the act of June 25, 1910. That section provides that:

"Any natural person, except a wage-earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt."

The respondents in their petition having negatived the exceptions set forth in the above section, and having alleged that the company was engaged in the "general retail merchandise business," the question is: Was it necessary that they also allege that the corporation sought to be adjudged bankrupt was a "moneyed, business, or commercial" corporation? Counsel for the petitioner refer us to no decision, and our own research reveals none, in which it has been held that the character of the business of an alleged bankrupt corporation must be set forth in the phraseology of the bankruptcy act. While such would undoubtedly be the better practice, we think that any language, the fair and reasonable import of which is that the alleged bankrupt is a moneyed, or a business, or a commercial corporation, is sufficient. The allegation in the present petition that the alleged bankrupt is engaged in the "general retail merchandise business" undoubtedly brings the corporation within the class of "business" corporations which under the act may be adjudged involuntary bankrupts. To place upon the language used any other construction would be hypercritical.

[3] Third. That the nature of the claim of Dryer, Bollam & Co., one of the petitioning creditors, is not properly or fully set forth.

The claim to which exception is taken is as follows:

"Dryer, Bollam & Co., a copartnership, money due on open account from Equal Rights Company, Incorporated, a corporation, upon a stated account rendered July 2, 1914, $80.00."

The specific objection to the claim seems to be that it is not set forth with "sufficient consistency and particularity required in pleading." The lack of "sufficient consistency" is claimed to be in the use of the terms "open account" and "stated account." An open account is an account in which some item is not settled between the parties—a running account. A stated account is an account presented by the creditor and assented to as correct by the debtor. Funk & Wagnall's Standard Dictionary of the English Language. But there is no inconsistency in the terms, as used in the claim above set forth. The language employed is not entirely free from ambiguity, but what the pleader un-

doubtedly intended to allege was that the claim of $80 of Dryer, Bollam & Co. is represented by a stated account rendered July 2, 1914; the stated account being based upon an open account between the parties. No specific method of setting forth a claim is provided by the bankruptcy act, and we think the only requirement necessary is that the language used be of sufficient definiteness to identify the claim in the mind of the person or corporation sought to be adjudged bankrupt.

[4, 5] Fourth. That the amended petition was not verified according to law.

The Supreme Court of the United States in 1898, in pursuance of the power conferred by the Constitution of the United States and particularly by the act of Congress approved July 1, 1898, adopted and established certain general orders and forms in bankruptcy. These orders and forms were published in 172 U. S. 653–723 (18 Sup. Ct. iv–xlviii, and 89 Fed. xiv, 32 C. C. A. xxxvii). They have the force and effect of law. In re Gerber, 26 Am. Bankr. Rep. 608, 617, 186 Fed. 693, 700, 108 C. C. A. 511. In Order No. XXXVIII it is provided that:

"The several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case."

Form No. 1 (89 Fed. xv, 32 C. C. A. xxxix) requires a verification to a debtor's petition (voluntary bankruptcy) in the following form:

"I, ———, the petitioning debtor mentioned and described in the foregoing petition, do hereby make solemn oath that the statements contained therein are true according to the best of my knowledge, information, and belief."

Form No. 3 (89 Fed. xxviii, 32 C. C. A. lii) requires a verification to a creditors' petition (involuntary bankruptcy) in the following form:

"———, being three of the petitioners above named, do hereby make solemn oath that the statements contained in the foregoing petition, subscribed by them, are true."

We must assume that the difference in the forms of verification for the debtor's and creditors' petition had a purpose, and that a positive statement of the facts in a debtor's petition is not required, but may be made upon the best of the petitioner's knowledge, information, and belief. The allegations of the form of petition show why the verification is in this form. The debtor admits his insolvency and proposes to surrender his property for the benefit of his creditors. He is required to attach a Schedule A, which is to contain a full and true statement of all his debts and (so far as possible to ascertain) the names and places of residence of his creditors, and in Schedule B to be attached there must be set forth an accurate inventory of all his property, both real and personal. It is evident that it may often occur that items of this character can only be set forth by the debtor on information and belief, and a more positive statement is not required. But with respect to a creditors' petition, the situation is different, and the difference is important. In this petition the statement must show the principal place of business of the debtor; that he owes debts to the amount of $1,000; that the petitioners are creditors having provable claims

amounting in the aggregate, in excess of securities held by them, to the sum of $500; the nature and amount of the petitioners' claims; and that the debtor has committed an act of bankruptcy within four months. This statement can be and ought to be direct and positive. The hailing of a debtor into a bankruptcy court may be a very serious matter and bring about a bankruptcy that might have been avoided. Bankruptcy proceedings ought not to be subject to the alarm of creditors acting upon information and belief, based, possibly, upon mere gossip and rumor. They ought to know positively the truthfulness of the few facts they are required to present to the court to secure an adjudication of bankruptcy. In the petition now before the court, the creditors stated all the facts required, and in the verification each stated that "the facts contained in the foregoing petition are true," but added this qualification: "As I verily believe." Such qualification is no part of the form prescribed, and there is nothing in the petition showing or tending to show that the qualification was necessary to suit the circumstances of the particular case, as provided in order No. XXXVIII. It may be that the added qualification was inserted by mistake, following some erroneous form, but in any view it rendered the verification defective.

[6] Although a verification of a petition in involuntary bankruptcy upon belief is insufficient, nevertheless the defect is not jurisdictional and may be cured by amendment. The infirmity will not work a dismissal of the petition.

[7] We take advantage of this petition to revise, to impress upon counsel in bankruptcy proceedings the necessity and importance of closely scrutinizing and following the provisions of the bankruptcy act in the preparation of petitions, and, indeed, in the preparation of all papers connected with such proceedings. Definite, prescribed forms and methods of procedure in bankruptcy have been promulgated by the act, and also by the Supreme Court pursuant thereto. These forms and methods of procedure are especially adapted to the purposes sought to be accomplished by the act, and they are in the main free from ambiguity and easily comprehended. To ignore them and trust to whatever form of statement may occur to the pleader is to invite criticism and objection from opposing counsel and to materially add to the expense of the proceeding and to the labors of the lower and appellate courts. If the provisions of the bankruptcy act are followed and the forms adhered to, proceedings in bankruptcy may be made inexpensive, and the questions involved may receive, at the hands of the courts, the immediate attention and the prompt disposition and determination which the framers of the act sought to accomplish.

The order will therefore be that the petitioning creditors have leave to verify the petition in accordance with the prescribed form within ten days after notice of this order. If not so verified, the order of the lower court will be reversed, and the creditors' petition dismissed. Costs on this petition in favor of the petitioner.