### In re OKMULGEE PRODUCING & REFINING CO.

(District Court, D. Delaware. April 13, 1920.)

No. 348.

1. Bankruptcy ⚖⚙19—Verification of petition to transfer to another district held sufficient.

    Assuming that a petition to transfer a bankruptcy proceeding to another court in which a similar proceeding is pending is a pleading, within Bankruptcy Act, § 18c (Comp. St. § 9602), requiring pleadings setting up matters of fact to be verified under oath, a verification to the effect that the facts therein set out are true to the best of the affiant's knowledge, information, and belief is sufficient, in view of the forms prescribed by the

Supreme Court, which recognize such qualified form of oath to voluntary petitions.

2. **Bankruptcy ⊖⇒19—Alleged bankrupt may petition for transfer to another court.**

Under Bankruptcy Act, § 32 (Comp. St. § 9616), providing that, when petitions are filed in different courts, the case shall be transferred to the court which can proceed with the same for the greatest convenience of parties in interest, the alleged bankrupt, prior to adjudication, is a party in interest, entitled to petition for a transfer of the proceeding to another court in which a similar proceeding is pending.

3. **Bankruptcy ⊖⇒19—Petition for transfer to another court held sufficient.**

In a bankruptcy proceeding against a Delaware corporation, a petition by it, alleging that a petition in bankruptcy was filed against it and is pending in Oklahoma, that it had its chief office and principal place of business in that district for more than three years, that, with the exception of oil leases in Texas, all of its property therein specified was located in that district, that its creditors lived or had offices there, that it had no creditors or property in Delaware, and but few creditors, with small amounts, in the eastern part of the United States, except creditors secured by property in Oklahoma, was sufficient, if true, to show grounds for transferring the proceedings to Oklahoma.

4. **Bankruptcy ⊖⇒19—On motion to dismiss petition for transfer allegations taken as true.**

On a motion to dismiss a petition filed by the alleged bankrupt for transfer of the proceedings to another court, in which a similar proceeding is pending, the averments of the petition for transfer are taken as true.

5. **Bankruptcy ⊖⇒19—Transfer to another court authorized before adjudication.**

Under Bankruptcy Act, § 32 (Comp. St. § 9616), providing that, where petitions are filed in different courts, each of which has jurisdiction, the case shall be transferred to the court which can proceed for the greatest convenience of the parties in interest, a transfer may be granted before adjudication; the statute not specifying adjudication as a condition precedent to transfer.

6. **Bankruptcy ⊖⇒19—General orders do not affect law as to time for transfer.**

As General Order in Bankruptcy No. 6 (89 Fed. v, 32 C. C. A. ix), relative to proceedings where petitions are filed in different courts, is subordinate to the statute, and not designed to change the law, it has no bearing on the question whether a motion to transfer under Bankruptcy Act, § 32 (Comp. St. § 9616), was premature.

In Bankruptcy. Petition against the Okmulgee Producing & Refining Company. On motion to dismiss petition to transfer the proceeding to the District Court for the Eastern District of Oklahoma. Motion denied.

Herbert H. Ward, of Wilmington, Del., and Merrick A. Whipple and Frank R. Read, both of Chicago, Ill., for petitioning creditors.

Robert H. Richards, of Wilmington, Del., and William H. McClarin, of Tulsa, Okl., for alleged bankrupt.

MORRIS, District Judge. Two petitions in bankruptcy have been filed against Okmulgee Producing & Refining Company, a Delaware corporation, one in the District Court of the United States for the Eastern District of Oklahoma on February 19, 1920, and the other in this court by the same petitioning creditors on February 23, 1920. Several creditors other than the original petitioners have entered their

appearance and joined in the petition here. The Refining Company moved this court to relinquish its jurisdiction and to transfer the case to the aforesaid Oklahoma court, under authority of section 32 of the Bankruptcy Act (Comp. St. § 9616), upon the ground that the latter court has jurisdiction and can proceed with the case for the greatest convenience of parties in interest.

The original and intervening petitioning creditors have filed a motion that the petition or motion for transfer be dismissed, upon grounds which may be summarized thus: (1) That the petition or motion is not verified as required by the Bankruptcy Act; (2) that the alleged bankrupt is not a competent party to petition or move the court for the transfer of this case; (3) that the petition or motion does not state facts sufficient to warrant the court granting the relief prayed; and (4) that the motion for transfer is premature, in that there is under the Bankruptcy Act and the General Orders no power in the court to make an order of transfer prior to adjudication.

[1] The application to transfer sets up matters of fact, and was verified by the oath of the president of the Refining Company. The oath was "that the facts therein set out are true to the best of his knowledge, information, and belief." It is contended that this is not a compliance with section 18c of the Bankruptcy Act (Comp. St. § 9602) which provides: "All pleadings setting up matters of fact shall be verified under oath." The form of the oath is not prescribed by the act. Section 30 (Comp. St. § 9614), however, provides that—

"All necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

In pursuance of the power and authority thus conferred the Supreme Court prescribed certain forms, and by General Order 38 (89 Fed. xiv, 32 C. C. A. xxxvii) directed:

"The several forms annexed to these General Orders shall be observed and used with such alterations as may be necessary to suit the circumstances of any particular case."

The form of verification prescribed for an involuntary petition in bankruptcy (form 3) is absolute, namely, "That the statements contained in the foregoing petition, subscribed by them, are true," while the form for verification to a voluntary petition (forms 1 and 2) is qualified, thus, "That the statements contained therein are true according to the best of my [their] knowledge, information and belief." The Supreme Court thereby recognized both the absolute and the qualified form of oath as being within the meaning of the statute. Sabin v. Blake-McFall Co., 223 Fed. 501, 505, 139 C. C. A. 49.

No form was prescribed for a motion or petition to transfer a case to another district. The form of verification annexed to the motion in the case at bar is therefore not in conflict with any form or General Order prescribed by the Supreme Court. It is not in conflict with the statute, unless the verification to a voluntary petition in bankruptcy is also in conflict therewith, which cannot, owing to its origin, be here presumed. The creditors, in support of their contention

upon this point, cite In re Vastbinder (D. C.) 126 Fed. 417, and United States v. Collins (D. C.) 79 Fed. 65. The latter case is not one arising under the Bankruptcy Act, and the former considers the sufficiency of a qualified verification to an involuntary petition in bankruptcy. Such verification, being in conflict with the form prescribed by the Supreme Court, presented a question differing materially from the one now before this court. I am of opinion that, assuming, but not deciding, the motion to transfer to be a pleading, its verification satisfies the statutory requirement. In re Milgraum & Ost (D. C.) 129 Fed. 827.

[2] Is the alleged bankrupt a competent or proper party to petition or move this court for a transfer of this case? This question may be best disposed of by considering the dominant purposes of the act, the nature of a proceeding in bankruptcy, and whether an alleged bankrupt is a party in interest, within the meaning of section 32 of the act. The dominant purposes of the act were pointed out by Sanborn, C. J., speaking for the Circuit Court of Appeals for the Eighth Circuit in Swarts v. Fourth Nat. Bank, 117 Fed. 1, 3, 54 C. C. A. 387, 389, thus:

"No one can become familiar with the bankrupt law of 1898 without a settled conviction that the two dominant purposes of the framers of that act were: (1) The protection and discharge of the bankrupt; and (2) the distribution of the unexempt property which the bankrupt owned four months before the filing of the petition in bankruptcy against him, share and share alike, among his creditors. All the earlier sections of the act are devoted to the security and relief of the bankrupt, and, when the distribution of his property is reached, the provisions relating to it are all drawn from the standpoint of the insolvent, and not from that of his creditors. The rights and privileges of the bankrupt, and the equal distribution of his property, dominate every provision, while the rights, wrongs, benefits, and injuries of his creditors are always incidental, and secondary to these controlling purposes."

The nature of a bankruptcy proceeding was well defined by Woodruff, C. J., in Re Boston, H. & E. R. Co., Fed. Cas. No. 1,677, where he said:

"At first view, it is natural and agreeable to our ordinary ideas upon this subject, to assume that a petition by an alleged creditor against his debtor, to compel a submission of his estate to the bankruptcy court, is a contest between two parties, with which a third person may not meddle. But this is by no means a complete view of the scope and effect of the proceeding. It is not a mere suit inter partes. It rather partakes of the nature of a proceeding in rem. * * *"

That the bankrupt is a party in interest in the proceeding for transfer was expressly decided by this court in Re United Button Co., 137 Fed. 668, 672, where Judge Bradford said:

"The Bankruptcy Act does not define or describe 'greatest convenience' or 'parties in interest,' as those phrases are used in section 32 and General Order 6. Both expressions are elastic and largely indefinite. It is manifestly too narrow a construction of the phrase 'parties in interest' to restrict it merely to unsecured creditors in bankruptcy. The bankrupt is not only literally but substantially a party in interest."

The petitioning creditors cite no authority in support of their contention that the alleged bankrupt is not a competent or proper party

to move for a transfer, but say that the alleged bankrupt's position until adjudication is in the nature of that of a defendant, and this proceeding, if allowed, would grant it a change of venue without the law making any provision therefor. But as the result of a transfer would be the same, by whomsoever the application therefor is made, this contention is relevant, not to the question of the right of the alleged bankrupt to apply for a transfer, but only to the power of the court to order a transfer before adjudication. I am of opinion that the motion for a transfer is not defective by reason of its having been made by the alleged bankrupt only.

[3, 4] The next suggested infirmity of the motion to transfer is that it does not state facts sufficient to warrant the transfer. The facts set up in the motion or petition are that the alleged bankrupt is a corporation organized under the laws of the state of Delaware; that a petition in bankruptcy was filed on February 19, 1920, against the alleged bankrupt in the aforesaid court in Oklahoma, and is there now pending; that service was had upon said petition; that the alleged bankrupt had its chief executive office and principal place of business in the Eastern district of Oklahoma for more than three years prior to the filing of the petition therein; that, with the exception of some oil leases in the state of Texas, its entire properties are located in the said district of Oklahoma; that such properties consist of oil refineries, pipe lines, public service companies, and numerous oil and gas properties, lands, and leases; that its creditors live or have their offices in said district; that it has no business creditors in the state of Delaware, and no property in said state, and but few creditors, with small amounts, in the eastern part of the United States, except creditors secured by property in the said district of Oklahoma.

The averments of the motion or petition to transfer show, if true (and for the purposes of the motion to dismiss the petition they are taken to be true), that petitions have been filed against the Refining Company in different courts of bankruptcy and that each court has jurisdiction. The averments touching the convenience of parties are such that, in the absence of countervailing facts, the only inference to be drawn therefrom is that the one of such courts of bankruptcy having jurisdiction which can proceed with the case for the greatest convenience of the parties in interest is the Oklahoma court. In re Sterne & Levi (D. C.) 190 Fed. 70; In re New Era Novelty Co. (D. C.) 241 Fed. 298. I think this conclusion in accord, rather than in conflict, with In re United Button Co. (D. C.) 137 Fed. 668. Any apparent conflict is due to the fact that the court was there considering evidence adduced for and against a motion to transfer, while we are here dealing with unqualified averments.

[5] The point, however, upon which the creditors mainly rely in support of their motion to dismiss the application to transfer, is that, no adjudication having been made either here or in Oklahoma, the application to transfer is premature, and that the court is without power to grant it. The transfer of cases is provided for by section 32 of the Bankruptcy Act. This section, in so doing, prescribes the

conditions under which or when "the cases shall be transferred," how and by whom they "shall be transferred," and whither they "shall be transferred." In considering whether the application to transfer is premature, we are concerned only with the happening of those events or the existence of those facts which are conditions precedent to the perfection of the right or power to transfer. These conditions are thus specified by the statute:

"In the event petitions are filed against the same person * * * in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred. * * *"

"When the language of a statute is unambiguous, and its meaning evident, it must be held to mean what it plainly expresses, and no room is left for construction." Johnson v. Southern Pac. Co., 117 Fed. 462, 465, 54 C. C. A. 508, 511.

The terms of the foregoing statute are clear and certain, and its meaning is plain. The court is therefore without power, under the guise of construction, to require the existence of an additional event, fact, or condition not prescribed by the statute as a prerequisite to an order of transfer or to make such order in the absence of one that is required. As the statute does not make adjudication a condition precedent to transfer, the courts may not do so.

[6] As General Order No. 6 (89 Fed. v, 32 C. C. A. ix) is subordinate to the statute, and was not designed to effect any change in the law (Bankruptcy Act, § 30 [Comp. St. § 9614]); Burke v. Guarantee Title & Trust Co., 134 Fed. 562, 67 C. C. A. 486), it can have no bearing upon the question as to whether the motion to transfer is premature.

The motion to dismiss the petition to transfer must be denied.