## In re SEIFRED.

(District Court, D. Massachusetts.   December 5, 1923.)

## No. 31723.

1. **Bankruptcy** ⊜81(1)—**Allegation of number of creditors in an involuntary petition may be made on information and belief.**

An allegation of the number of creditors, in an involuntary petition, is not a jurisdictional fact, and may be made on information and belief.

2. **Bankruptcy** ⊜82—**Authority of agent to sign petition for corporation.**

Under a rule of court providing that, if no officer of a corporation authorized to sign an involuntary petition is within the district, it may be signed by any officer or agent having knowledge of the facts and duly authorized by the corporation, a power of attorney to an agent, signed by officers of the corporation, who state on oath that they were authorized to give it by the board of directors, *held* sufficient; but one signed by the treasurer of a corporation, without any statement of his authority, *held* not sufficient.

3. **Bankruptcy** ⊜84—**Petition signed by unauthorized agent held amendable.**

Where an involuntary petition was signed for a corporation by an agent not duly authorized, the defect is amendable.

4. **Bankruptcy** ⊜88(2)—**Intervening petitioner may be counted to make requisite number.**

An intervening petitioner may be counted to make up the number of creditors necessary to support an involuntary petition.

In Bankruptcy. In the matter of William K. Seifred, bankrupt. On objections to sufficiency of petition. Leave given to amend.

Horblit & Wasserman, of Boston, Mass., for alleged bankrupt.
Ammidon & Bicknell, of Boston, Mass., for petitioning creditor.

LOWELL, District Judge. This case was referred to Daniel W. Lincoln as special master to report on the question of adjudication. The facts are as follows: Seifred made a general assignment for the benefit of creditors on May 1, 1923. On May 16, 1923, two creditors filed a petition in bankruptcy against him, alleging as to the number of creditors:

"We understand, believe, and allege that there are less than 12 creditors."

The other allegations in the petition were made as of their own knowledge. The petitioning creditors were the Firestone Tire & Rubber Company of West Virginia and the Pennsylvania Rubber Company of Pennsylvania. Neither the treasurer, cashier, nor chief financial officer of the Firestone Tire & Rubber Company was within the district of Massachusetts. There is an affidavit at the end of the petition that neither the treasurer, chief financial officer, nor agent of the Pennsylvania Company was within the district of Massachusetts. In each case the petition was signed by a person authorized by a power of attorney of the corporation. In the case of the Firestone Company the power of attorney was signed by the vice president and secretary of the corporation, who stated under oath before a notary public that

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

they were authorized by the board of directors to give the power of attorney. In the case of the Pennsylvania Company the power of attorney was signed by the treasurer, and there was no statement as to his authority to give it.

On July 6, 1923, the B. F. Goodrich Rubber Company filed an intervening petition. There were in fact more than 12 creditors of the alleged bankrupt.

Three questions have been presented for the consideration of the court: First, whether the allegations that "we understand, believe, and allege that there are less than 12 creditors" is sufficient to support the petition; second, whether the petition may be signed by an agent of a corporation under the circumstances as to his authority shown in this case; and, third, whether an intervening petitioner may come in after the involuntary petition is filed to make up the necessary number of creditors.

[1] Statements of facts in an involuntary petition must usually be as of the knowledge of the petitioner. In re Vastbinder (D. C.) 126 Fed. 417; In re Farthing (D. C.) 202 Fed. 557; Sabin v. Blake-McFall Co., 223 Fed. 501, 139 C. C. A. 49. This was the case in the petition under consideration, except as to the allegation of the number of creditors. There seems to be no reason why this allegation should not be made on information and belief, as it is of a fact which may not be easily susceptible of definite knowledge. A learned text-writer states this to be the law. 1 Black, Bankruptcy (3d Ed.) § 160. Although the cases cited by him arose under an amendment to the act of 1867 (14 Stat. 517), or an insolvent law of Maine, in which the provisions of law are not identical with those of the present act, they seem to be in point. An allegation as to the number of creditors is not that of a jurisdictional fact. It may be amended, and intervening petitioners may be added to make up the requisite number. See cases cited supra, and cases cited under the third heading. I am of opinion, therefore, that the allegation as to the number of creditors was sufficient.

[2, 3] Second. The sixth bankruptcy rule in this district reads as follows:

"The petition of a corporation shall be signed by its treasurer, cashier or chief financial officer. * * * If by affidavit or otherwise it appears that no such officer is within the district, the petition may be signed by any officer or agent of the corporation having knowledge of the facts, and duly authorized by the petitioner."

I am of opinion that the authority has been shown in the case of the Firestone Tire & Rubber Company, but not in the case of the Pennsylvania Rubber Company. In re Chequasset Co. (D. C.) 112 Fed. 56; In re Bellah (D. C.) 116 Fed. 69. This, however, is an amendable defect. See cases last cited.

[4] Third. It is the law in this circuit, and generally in other circuits, that an intervening petitioner may be counted in making up the number of creditors necessary to support a proceeding against a bankrupt who has more than 12 creditors. In re Romanow (D. C.) 92 Fed. 510; In re Bedingfield (D. C.) 96 Fed. 190; In re Mackey (D. C.) 110

Fed. 355; In re Crenshaw (D. C.) 156 Fed. 638; In re Smith (D. C.) 176 Fed. 426. See, also, In re Freeman Clothing Coat Co. (D. C.) 212 Fed. 551.

The petitioning creditors may have leave to prove the authority of the treasurer in the case of the Pennsylvania Rubber Company.