### In re LOWRY & PIKE, Inc.

#### Petition of GOULD.

(District Court, W. D. Washington, N. D.   January 11, 1924.)

#### No. 7102.

1. **Courts ⬅351½—Alleged bankrupt's motion to make involuntary petition more specific considered as motion to dismiss.**

Under equity rule No. 29 providing that every defense in point of law for insufficiency of fact to constitute a valid cause of action shall be made by motion to dismiss or in the answer, a motion by alleged bankrupt for order requiring petitioning creditor to make involuntary petition in bankruptcy more definite will be considered as a motion to dismiss.

2. **Bankruptcy ⬅81(3)—Involuntary petition held sufficient for failure to state whether contract was written or oral and parties thereto.**

An involuntary petition in bankruptcy against a corporation, alleging that petitioner's claim was based on a loan for a specified amount to alleged bankrupt, *held* insufficient for failure to state whether the contract was oral or in writing, to specify person with whom contract was made, and to set out a copy if in writing.

3. **Bankruptcy ⬅81(1)—General rules of pleading and practice applicable.**

The general rules of pleading and practice apply to pleadings in bankruptcy.

In Bankruptcy. Petition against Lowry & Pike, Inc., by H. M. Gould. On exceptions and motion of alleged bankrupt to dismiss petition. Motion granted.

One H. M. Gould files an involuntary petition in bankruptcy, alleges insolvency of the alleged bankrupt, indebtedness in excess of $1,000, less than 12 creditors, and other jurisdictional facts, and says: "(f) That the nature and amount of your petitioner's claim is as follows: Five hundred ($500.00) dollars, loaned to said Lowry & Pike, Inc., on January 10, 1921." The alleged bankrupt appears and excepts to the petition of H. M. Gould, for the reason that the same is "indefinite and uncertain," and moves for an order requiring the petitioning creditor to make his petition herein more definite, etc., and then asks whether the contract of loan is oral or in writing; that, if in writing, a copy be set out; if oral, the name of the officer of the corporation with whom the oral contract was made.

Leopold M. Stern and Clarence L. Gere, both of Seattle, Wash., for petitioner.

Poe, Falknor, Falknor & Emory, of Seattle, Wash., for alleged bankrupt.

NETERER, District Judge. [1] Under equity rule 29 every defense in point of law for insufficiency of fact to constitute a valid cause of action shall be made by motion to dismiss or in the answer. I think the motion of the alleged bankrupt may be considered as a motion to dismiss. The petitioner is not misled, and upon the merits it is contended by the petitioner that the language used in the petition is of sufficient definiteness to identify the claim of the alleged bankrupt, and cites Sabin v. Blake-McFall Co., 223 Fed. 501, 139 C. C. A. 49, 35 Am. Bankr. Rep. 179. In this case the petition alleged:

"Money due on open account from Equal Rights Company, Incorporated, * * * upon a stated account rendered July 2, 1914, $80.00."

[2, 3] The nature and relation of this contract is fully set out. This is absent from the petition in this case. An essential element to give the alleged bankrupt definite information is whether the contract is oral or in writing. If in writing, it is entitled to have a copy set out, so that it may have the statement of the fact, instead of the conclusion of the petitioner, and, if oral, the alleged bankrupt is entitled to know with whom the oral contract was made, so as to be prepared to meet the issue when it is presented if the claim is untrue, and if true it may be admitted. The alleged bankrupt is entitled to have a distinct and not inferential allegation of fact relative to the contract of loan which is alleged.[1] The general rules of pleading and practice apply to pleadings in bankruptcy. 1 Collier (1921 Ed.) 460.

The motion to dismiss is granted, with permission to amend as herein indicated.

[1] In re Randall, Deady, 557, Fed. Cas. No. 11,551; In re Farthing (D. C.) 202 Fed. 557; In re Blumberg (D. C.) 133 Fed. 845; In re Rosenblatt & Co., 193 Fed. 636, 113 C. C. A. 506 (C. C. A. 2d); In re Conn. Brass & Mfg. Corp. (D. C.) 257 Fed. 445, 449; In re Bellah (D. C.) 116 Fed. 69; Doty v. Mason (D. C.) 244 Fed. 587, 590.