## MASSAGLI v. T. I. BUTLER CO. et al.
### No. 5828.

Circuit Court of Appeals, Ninth Circuit.
March 17, 1930.

On Motion for Modification of Decree, April 8, 1930.

Devoto the sum of One Thousand (1,000) Dollars. Your petitioners allege, on information and belief, that said Anthony Devoto was, then and there, an unsecured creditor of said E. Massagli, and that said moneys so transferred were, then and there, the property of said E. Massagli, and part of his estate, subject to the satisfaction of the claims of his general unsecured creditors, including your petitioners herein. At the time of said transfer said Massagli was indebted to a large number of unsecured creditors, including your petitioner herein, and said transfer was made with intent to prefer said Anthony Devoto over the other unsecured creditors, including your petitioners, and the effect of such transfer is to give to said Anthony Devoto a greater percentage of his indebtedness than the said petitioning creditors."

The claim is made on the appeal that this form of verification departs from that provided by official form No. 3 prescribed by the Supreme Court for verifying a creditor's petition. See orders and forms, 172 U. S. 653, 723; 89 Fed. xiv, form No. 1.

■ The appellant relies upon the decision by this court in Sabin v. Blake-McFall Co., 223 F. 501, 506. The verification in that case stated, "The facts contained in the foregoing petition are true * * * as I verily believe." It is pointed out in the opinion that this oath departed in form and in substance from the oath prescribed by the Supreme Court, and it was directed that the appellee be given ten days in which to verify the petition in the form laid down by the Supreme Court, which was done, whereupon the judgment was affirmed. In re Bieler (C. C. A.) 295 F. 78, it also was held proper to amend the petition, and a verification which failed to conform to the rule, and the petitioners were allowed so to do. In view of the fact that the making of a preference usually would be known to the petitioning creditors only by inference from facts known and information obtained from others, the allegation of such preference, whether direct or upon information and belief, must in either case be the result of the petitioner's belief engendered by the information he acquires. There is no reason in such a case why the allegation and verification should not be direct as to the fact charged as required by the rule, and if made in good faith and upon adequate information, the direct allegation and verification is fully justified. We might well affirm the order upon the ground that the point raised on appeal is a

Ernest J. Torregano and Charles M. Stark, both of San Francisco, Cal. (August B. Rothschild, of San Francisco, Cal., of counsel), for appellant.

Milton Newmark and Byron Coleman, both of San Francisco, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order adjudging appellant a bankrupt. Appellant made a motion to dismiss the petition which was denied, and failing to otherwise answer the petition, an order of adjudication in bankruptcy was entered. The sole point presented on appeal is the question of whether or not the petition was properly verified. The verification is in the form provided by the law of California for the verification of pleadings and contains the following phrase: "That the same is true of his own knowledge, except as to the matters therein stated on information and belief, and as to those matters he believes it to be true." The only allegations in the petition based upon information and belief are those in relation to alleged preference. After alleging positively that the appellant had committed an act of bankruptcy in that he did transfer, while insolvent, a portion of his property to one of his creditors with intent to prefer such creditor over his other creditors, the specification of the transfer is made as follows: "Your petitioners are informed and believe, and on such information and belief allege, that on or about the 2d day of January, 1929, at the city and county of San Francisco, State of California, said E. Massagli did pay over unto Anthony

technical rather than a substantial violation of the rule not affecting the substantial rights of the parties, 28 USCA § 391, but in the interest of orderly procedure and to enforce compliance with the ruling of this court in Sabin v. Blake-McFall Co., supra, leave will be granted appellees to file with the clerk of this court within fifteen days from the date of the filing hereof an amended petition in form complying with the views herein expressed and verified in accordance with the prescribed form. If such action is taken within the time specified, the order appealed from will be affirmed, otherwise reversed. In either event, costs of appeal to appellant.

RUDKIN, Circuit Judge, sat in the hearing in this case, but does not participate in the decision.

On Motion for Modification of Decree.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

The appellant petitions for a modification of the order of affirmance by this court which adjudged the appellant to be bankrupt, and bases his application upon the ground that he has heretofore relied upon the insufficiency of the verification of the petition in involuntary bankruptcy, and for that reason has not heretofore filed an answer therein. The appellant does not offer a verified answer traversing the allegations of the petition in regard to the act of bankruptcy in support of his motion or make an affidavit which specifically denied the facts alleged in the petition. For that reason his showing is insufficient, and the motion is denied.