## In re PICKERING LUMBER CO.
### No. 9561.

District Court, W. D. Missouri, W. D.
July 29, 1932.

See, also, 1 F. Supp. 92.

James B. Nourse, of Kansas City, Mo., for petitioning creditors.

William C. Michaels, Jesse Andrews, and Charles M. Blackmar, all of Kansas City, Mo., for George R. Hicks and Pickering Lumber Co.

REEVES, District Judge.

The questions for consideration here are: (a) Objections to the filing of an amended

involuntary petition in bankruptcy; and (b) the dismissal of the original involuntary petition heretofore filed. The latter will be considered first.

The said petition was filed May 11, 1931. It alleged insolvency and that the three petitioners were creditors of the alleged bankrupt "having provable claims against it." The averments as to the nature and amount of claim were substantially as follows: "H. N. Morgan, for moneys loaned, as evidenced by the written obligation of the alleged bankrupt, in the amount of one thousand dollars ($1,000) which, by reason of the acts of the alleged bankrupt, has become due and payable."

There was an identical allegation as to T. M. Bryant, and the averment as to I. M. Sydenstricker was the same only as to the amount. In her case the amount was $500. There were general allegations of acts of bankruptcy within four months before the involuntary petition was filed. The petition was verified by the attorney for the petitioners. This verification contained a recital "that he has read the foregoing Petition and knows the contents thereof, and that the same is true as he verily believes."

Prior to the filing of the involuntary petition in bankruptcy, a receiver in equity had been appointed for the alleged bankrupt, and at the time said petition was filed the receiver had charge of all of the assets of the alleged bankrupt. The receiver in equity had been appointed by this court.

The receiver has joined with the alleged bankrupt in its motion to dismiss the involuntary petition in bankruptcy. This motion, among other things, avers that the claims of the petitioners are not set out with that particularity required by law and prescribed by the General Orders in Bankruptcy. Moreover, the good faith of the petitioning creditors is challenged, and objection is made to the verification of the petition. Other objections to the petition were made, but the foregoing are deemed sufficient.

1. Section 95 (b), title 11, United States Code, 11 USCA § 95 (b), provides that "three or more creditors who have provable claims against any person which amount in the aggregate * * * to $500 or over; * * * may file a petition to have him adjudged a bankrupt."

This provision has been construed to mean that each creditor joining in the petition must be the owner of a demand or claim "provable" against the bankrupt within the provisions of the act. In re Howell (C. C. A.) 215 F. page 1. This means that the petition must make a prima facie showing of provability. In re Crafts-Riordon Shoe Co. (D. C.) 185 F. 931. The reason for this rule is that the existence of provable debts is jurisdictional, and therefore "the existence of such debts or claims and their nature should be alleged with such particularity and definiteness as will enable the court to find from the petition the essential jurisdictional facts."

The allegations in the instant case are that the petitioners held claims "for moneys loaned as evidenced by the written obligations of the alleged bankrupt." This is a vague and indefinite allegation, and is similar to an allegation condemned. In re Farthing (D. C.) 202 F. 557, loc. cit. 563.

2. The good faith of the petitioning creditors has been put in issue. On said issue testimony was taken. It appeared from such evidence that counsel for the petitioning creditors obtained three bonds in the aggregate of $2,500 from another practicing attorney in Kansas City.

This attorney either owned said bonds or represented a client who was the owner thereof. The name of this client was withheld.

Admittedly the attorney for the petitioning creditors distributed such bonds to said petitioning creditors. It appeared, therefore, that said petitioning creditors were not the owners of said bonds in good faith; that they had paid nothing for said bonds, and that delivery was made to them for the sole purpose of qualifying them for this action.

One of the bonds was owned by an unnamed woman, and there was no evidence that she had parted, or intended to part, with her right, title, or interest in said security. The testimony was overwhelming that the petitioning creditors were not the owners in good faith of the bonds upon which the petition was framed.

The court is not unmindful of the rule that the motive of a creditor in filing a petition in involuntary bankruptcy against a debtor is immaterial. In re Automatic Typewriter & Service Co. (C. C. A.) 271 F. 1. But that rule is based upon the assumption that such a creditor is a bona fide creditor. The motives of such creditor cannot be questioned, but the rule does not exist in favor of one who is not a bona fide creditor.

In the instant case the alleged petition-

ing creditors are not creditors at all. A similar question was before the court in the equity proceeding of Home Mortgage Co. v. Ramsey (C. C. A.) 49 F.(2d) 738, loc. cit. 744, where the court held specifically that a plaintiff acting somewhat similarly had not acquired bonds "as a bona fide investment, but for the sole purpose of bringing this suit and creating a receivership."

Upon the evidence in this case, it would be idle to say that the petitioning creditors were more than mere puppets and used solely and alone for the purpose of bringing the suit. The evidence showed conclusively that said bonds were distributed to them without any consideration whatever, and that immediately upon such distribution the petition was drafted and filed. Moreover, under circumstances exactly like this, No. 5 of the General Orders in Bankruptcy (11 USCA § 53) is applicable. This rule is necessarily procedural, and is as follows: "Petitioners in involuntary proceedings whose claims rest upon assignment or transfer from other persons, shall annex to one of the duplicate petitions all instruments of assignment or transfer, and an affidavit setting forth the true consideration paid for the assignment or transfer of such claims and stating that the petitioners are the bona fide holders and legal and beneficial owners thereof and whether or not they were purchased for the purpose of instituting bankruptcy proceedings."

Upon the evidence in this case it would be impossible for the petitioning creditors to comply with this rule. For instance, they could not swear that a consideration was paid for the assignment or transfer, and that they were the bona fide holders and legal and beneficial owners of such securities.

3. The verification of the petition was insufficient. General Orders in Bankruptcy No. 38 (11 USCA § 53) prescribes that "the several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case."

The form promulgated by the Supreme Court (Forms in Bankruptcy No. 3 [11 USCA § 53]) requires the verification to set forth "that the statements contained in the foregoing petition subscribed by him are true."

In the instant case the verification is that the facts stated "are true as I verily believe." This was condemned in Massagli v. T. I. Butler Co. (C. C. A.) 39 F.(2d) 346. However, in that case leave was granted to amend so as to comply with the forms prescribed by the Supreme Court.

In view of the foregoing, objections made to the involuntary petition in bankruptcy should be sustained, and the motion to dismiss should be granted.

4. The only remaining question is whether the petitioning creditors should be allowed to file an amended petition. This is within the sound discretion of the court. In re Fidelity Savings & Loan Association (D. C.) 53 F.(2d) 241, loc. cit. 243. Such discretion should not be exercised in favor of the petitioning creditors.

Upon the evidence in the case, they are not bona fide creditors of the alleged bankrupt, and could not make the affidavit required by General Order in Bankruptcy No. 5. Moreover, the assets of the alleged bankrupt are now in the custody of the law. All of the matters set up in the petition in bankruptcy can be effectively considered and adjudicated in the proceeding in equity.

In the opinion In re Fidelity Savings & Loan Association (D. C.) 53 F.(2d) loc. cit. 245, supra, the court quoted from In re Farthing (D. C.) 202 F. 557, in part as follows: "If the power to permit an amendment to the petition is to be exercised in 'furtherance of justice' to the debtor and his other creditors, the question as to the manner of its exercise is not debatable. What lawful benefit can accrue to the petitioners by bringing the administration of the estate into the bankrupt court? * * * To deny the motion deprives the petitioners of no lawful or just right to which in a court of equity they are entitled."

It would follow from the foregoing that the application of the petitioning creditors to file an amended petition should be denied. And it is so ordered.