## HARRIS v. MILLS NOVELTY CO. et al.
### No. 1857.

Circuit Court of Appeals, Tenth Circuit.
Oct. 24, 1939.

Keene Saxon, of Topeka, Kan., for appellant.

E. R. Sloan and Harold Doherty, both of Topeka, Kan. (Eldon R. Sloan, of Topeka, Kan., on the brief), for appellees.

Before LEWIS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

George Sardou, E. Maude Allen, and Mills Novelty Company filed an involuntary petition in bankruptcy against John W. Harris, hereinafter referred to as the bankrupt. It was alleged that the bankrupt was engaged in business under the trade name Harris Refrigerating Service, in Topeka, Kansas; that within four months preceding the filing of the petition and while insolvent, he transferred by assignment a portion of his property to a bank in Topeka, an unsecured creditor, with intent to prefer; that he transferred portions of his property to other creditors with intent to prefer by paying to such creditors their accounts in full; and that without consideration he transferred by assignment all of his remaining assets to his wife for the purpose of hindering and defrauding his creditors. The bankrupt filed a motion to dismiss the petition on the grounds that it was insufficient in itself to warrant a finding and an adjudication of bankruptcy, that it was improperly verified, and that he was a wage earner. At the same time he filed an answer in which he again challenged the sufficiency of the verification, and affirmatively pleaded that he was a wage earner. He further alleged that his father died testate; that under the terms of the will he was to receive one-third of the proceeds of the estate, after debts and expenses were paid; that the estate was still in process of probate in the State of Nebraska; that it was not subject to distribution; that he did not have possession or control of any part of it; and that it was not available to his creditors. A hearing was had before the court at which evidence was submitted. By order dated December 2, and filed De-

cember· 15, 1938, the court found that the bankrupt was not a wage earner and denied the motion to dismiss; by order dated January 18, and filed January 30, 1939, the court denied the motion of the bankrupt for a rehearing on the motion to dismiss; and by order dated January 31, he was adjudicated a bankrupt. The appeal is from the respective orders of December 2 and January 18.

■ The petitioning creditors lodged in this court a motion to dismiss the appeal on two grounds. The first is that the appeal from the order of December 2, finding that the bankrupt was not a wage earner and denying the motion to dismiss the petition, was not taken within the time allowed by section 25 of the Bankruptcy Act, 11 U.S.C.A. § 48; and the second is that the order of January 18, denying the motion for rehearing, is not an appealable order. An order denying a motion to dismiss an involuntary petition in bankruptcy has been held reviewable in the manner provided by section 24(b) of the act, 11 U.S. C.A. § 47(b). In re Parker, 7 Cir., 283 F. 404. Here a motion to set aside the order dated December 2, and to grant a rehearing on the motion to dismiss the petition, was filed December 9, and not disposed of until January 18, 1939. Treating the order of December 2 as a reviewable order, we think the time within which to appeal therefrom was suspended during the pendency of the motion for rehearing. The appeal was seasonably perfected after the denial of that motion. But the motion for rehearing was addressed to the sound judicial discretion of the trial court, and its denial is not the subject of appeal. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Stradford v. Wagner, 10 Cir., 64 F.2d 749; Mintz v. Lester, 10 Cir., 95 F.2d 590.

■ The verification of the petition recited that it was made on information and belief. It is provided in Form 3 prescribed by the Supreme Court, following 11 U.S.C. A. section 53, that the verification of an involuntary petition in bankruptcy shall recite, among other things, "that the statements contained in the foregoing petition * * * are true." This verification was defective, but the defect was not jurisdictional and could have been cured by amendment. Sabin v. Blake-McFall Co., 9 Cir., 223 F. 501; In re Bieler, 2 Cir., 295 F. 78; Massagli v. T. I. Butler Co., 9 Cir., 39 F. 2d 346; Kattelman v. Madden, 8 Cir., 88 F.

2d 858; In re Farthing, D.C., 202 F. 557. It was agreed during the hearing, and the order denying the motion to dismiss so recites, that the only question presented was whether the bankrupt was a wage earner, and the attention of the court and counsel was thereafter addressed almost exclusively to that question. The contention respecting the sufficiency of the verification was thus waived and therefore is not open to review on appeal.

■ The finding that the bankrupt was not a wage earner is challenged. The contention is that the burden rested on the petitioning creditors to show that he was not a wage earner; that they failed to discharge such burden; and that the finding is not supported by substantial evidence. In addition to the testimony adduced upon the hearing in this case, the bankrupt introduced in evidence a transcript of the testimony which he gave in a hearing in the state court in a proceeding in aid of execution. The record discloses that in 1933 the bankrupt and Sardou formed a partnership called Harris-Sardou Refrigeration Company for the purpose of engaging in the business of furnishing, installing, and repairing mechanical equipment such as refrigeration units. The partnership continued until April, 1935, at which time Sardou sold his interest to the bankrupt and the partnership was dissolved. The bankrupt gave Sardou a note for a part of the purchase price. The bankrupt thereafter owned and operated the business under the trade name Harris Refrigerating Service. Default was made in payment of the note and Sardou recovered judgment in the state court for the amount due—in excess of $2,000. Execution issued, and on June 30, 1936, the sheriff levied on and subsequently sold virtually all of the property of the business except the accounts receivable. The bankrupt and his wife executed two bills of sale to Allen G. Biggs. The first, dated July 1, 1936, purported to convey all of their right, title and interest in all accounts, notes, contracts, or reserves due them or the refrigerating service; and the second, dated July 15, purported to convey all of their right, title and interest in and to all equipment, household goods, and personal property not previously attached and still on the premises of the refrigerating service. The bankrupt testified that the sale was made; that the price was $700; that Biggs paid it to him in currency, the first half being paid about July 5, and the

other half about July 11; and that he spent the entire amount in two nights having a good time. He further testified that thereafter he conducted the business as manager for Biggs; that he did not receive any salary or other agreed compensation, but merely took out enough cash to meet his actual living expenses. But the trade name was not changed. It continued to be Harris Refrigerating Service. The bankrupt was in complete possession of the business during all of the time from the date of the alleged sale until the institution of this proceeding which was more than two years. He ordered material, equipment and supplies, he employed and paid laborers, and he paid accounts generally. He advised the attorney for Mills Novelty Company that there was no question about the account, but that he did not have the money with which to pay it; and after suit had been filed on such account, he stated to his own attorney that there was no way to defeat it, to just let it go, and that perhaps he would have the money by the time execution issued. He sought to have the business incorporated about two months after the date of the alleged sale. He had an attorney prepare the articles of incorporation; he induced an employee to sign them as an incorporator; he testified in the state court that the papers had been filled out but not filed; he gave the names of the incorporators; and Biggs was not among them. Biggs never lived in Topeka. At the time of the alleged sale, he was a salesman and engineer working out of Kansas City. He did not put any money into the business after the alleged sale, and the bankrupt did not pay him any money out of it. An employee testified that he worked for the business from the spring of 1935 until the fall of 1937, that Biggs left soon after the trouble in connection with the levy of the execution, and that the employee did not see him there again after that time. The bankrupt testified that at the time of the hearing Biggs was in Dallas, Texas, working on an engineering job for Viking Refrigeration Company, but in an affidavit attached to the motion for rehearing he stated that he was not able to locate or correspond with Biggs prior to the hearing, and that since the hearing he learned that Biggs had been ill in Los Angeles for the preceding five weeks. The evidence and the inferences reasonably to be drawn from it indicate clearly and convincingly that no bona fide sale was made to Biggs, and that Harris owned the business and conducted it in his own right. The finding that the bankrupt was not a wage earner negates the contention that a sale was made; such finding is supported by substantial evidence; it is not clearly erroneous; and it therefore will not be disturbed on appeal.

It is further argued that even though the bankrupt did not work for Biggs but for himself, still he was a wage earner and therefore not subject to involuntary bankruptcy. In addition to the evidence already adverted to, there was testimony that capital was invested in the business; that the business consisted largely of furnishing and installing refrigeration units for contract prices; that from one to three or four persons were employed from time to time in carrying on such business; and that about fifty-five per cent of the gross revenue represented services rendered while forty-five per cent represented materials and supplies furnished and installed. One conducting a business of that kind, character, and scope is not a wage earner within the intent and meaning of the statute, as the exemption is limited to persons employed for wages as their predominant occupation. Virginia-Carolina Chemical Co. v. Shelhorse, 4 Cir., 228 F. 493; First National Bank v. Williams, 8 Cir., 31 F.2d 749.

The order of December 2 is affirmed, and the appeal from the order of January 18 is dismissed.