## SMITH v. BROWNSVILLE STATE BANK OF BROWNSVILLE, MINN., et al.

(Circuit Court of Appeals, Eighth Circuit. November 10, 1926.)

No. 7028.

1. **Bankruptcy ⬤◁⟶81(2).**

Involuntary petition in bankruptcy should contain allegations negativing occupations excepted from involuntary bankruptcy, under Bankruptcy Act (Comp. St. §§ 9585–9656).

2. **Bankruptcy ⬤◁⟶81(1)—Motion by bankrupt to dismiss involuntary petition because of being within excepted class held waiver of failure of petition to negative occupations excepted from involuntary bankruptcy.**

Motion of alleged bankrupt to dismiss involuntary proceedings on ground that he was within excepted class, in order to secure early hearing on question of occupation, *held* to show waiver of failure of petition to negative occupations excepted from involuntary bankruptcy.

3. **Bankruptcy ⬤◁⟶68.**

Generally time when act of bankruptcy was committed is controlling in determining occupation of alleged bankrupt, relative to whether he was excepted from involuntary bankruptcy.

4. **Bankruptcy ⬤◁⟶91(1).**

Burden of proving that alleged bankrupt is not engaged in occupation excepted from involuntary bankruptcy is on petitioning creditors.

5. **Bankruptcy ⬤◁⟶91(2).**

Evidence *held* to sustain finding that alleged bankrupt was not engaged in farming at time of commission of act in bankruptcy so as to except him from involuntary bankruptcy.

Appeal from the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

Involuntary petition in bankruptcy by the State Bank of Brownsville, Minn., and others, against Edward Rubin Smith. From an adjudication in bankruptcy, the alleged bankrupt appeals. Affirmed.

A. B. Lovejoy, of Waterloo, Iowa (S. T. Mears, of Waterloo, Iowa, on the brief), for appellant.

Before SANBORN, STONE, and KENYON, Circuit Judges.

STONE, Circuit Judge. This is an appeal by a bankrupt from an adjudication of bankruptcy made on an involuntary petition. The only issue presented here is that the bankrupt was not subject to adjudication upon an involuntary petition for the reason that he was a farmer.

[1, 2] Appellant presents several points bearing upon this issue. The first is that the petition was insufficient because it did not

negative the occupations which are, under the Bankruptcy Act (Comp. St. §§ 9585–9656), excepted from involuntary bankruptcy. This statement concerning the petition is true. While the petition should contain such allegations (Beach v. Macon Grocery Co., 120 F. 736, 57 C. C. A. 150 [5th Circuit]; Collier on Bankruptcy [13th Ed.] p. 210), yet no attack was made upon the sufficiency of the petition. The bankrupt filed an answer claiming to be within the excepted classes as a farmer. More than a month later, he filed a motion to dismiss, stating the same ground, but making no attack upon the sufficiency of the allegations in the petition. The purpose of this motion, was that the bankrupt might secure an early hearing upon the question of his occupation as he deemed it important to have that matter determined as speedily as possible. There seems to have been no objection to this method of procedure by opposing counsel or the court. At the time the motion was taken up, the following colloquy occurred:

"The Court: In what way is the issue joined by the respondent's answers, setting up his occupation, and at a later date is filed this motion, setting up the same thing, is there any pleading on the other side joining any issue on this question?

"Mr. Hendrick: Filed a plea of general denial.

"The Court: Well, have you in the original petition, have you made any allegation taking him out of the excepted class?

"Mr. Lovejoy: They allege that he is a dealer in real estate.

"The Court: Have you alleged that he is not a person within the excepted ones?

"Mr. Hendrick: We allege that he is a capitalist, investor and dealer in real estate.

"The Court: That all may be true, and yet his chief business might be a farmer. Well, I will permit you to join issue, we will assume that you have joined issues, and better make your record on it, and I will hear your testimony now.

"Mr. Lovejoy: For the purpose of this motion, the court would consider the affidavits attached to the motion?

"The Court: Yes.

"Mr. Lovejoy: That is our showing in the first instance.

"The Court: Of course, I cannot dismiss this petition without a full trial of these questions. This is decisive of the whole case.

"Mr. Lovejoy: The reason that we filed the motion is this, that there is some real estate up there, and on this petition the court appointed a receiver before adjudication, and the receiver is in possession of the property and I thought if the question could be tried upon motion, it seemed to me a question that could be tried upon motion, that that would be a quicker way to do it, and the parties would know what their rights were regarding this property."

We think the above shows a clear waiver of any objection either, to the allegations of the petition, or to the failure to file a reply to the answer if there was such failure. It is clear that the procedure adopted was upon the insistence of the bankrupt and for his benefit and that all parties and the court considered the issue as fairly joined and presentable for determination upon the motion. The bankrupt, having had the hearing he desired, which gave him every opportunity to present this point to the court fully and having raised no objection of any character to the pleadings, cannot now take advantage of any defect therein.

[3] The next contention of appellant is that the occupation, for the purpose of determining the application of the Bankruptcy Act, must be examined as of the time when the debts were contracted. This is not the general rule. The general rule is that the time when the act of bankruptcy was committed is controlling unless peculiar circumstances require, as a matter of equity, that the time of incurring the debts should apply. Collier on Bankruptcy (13th Ed.) p. 209, and numerous citations in notes 101 and 102. No peculiar circumstances are asserted why the general rule should not apply in this instance and none occur to us after an examination of the entire record. Therefore, we think the time of commission of the acts of bankruptcy should control in this case.

[4, 5] Appellant contends that the burden of proof that he was not a farmer is upon the petitioning creditors and that they have not sustained that burden. The burden of proof is upon the petitioning creditors. Collier on Bankruptcy (13th Ed.) pp. 210 and 211, and numerous citations and notes 108. The acts of bankruptcy alleged and proven, occurred on January 7, 1924. There is some question in the proof as to whether the bankrupt was chiefly engaged in farming, within the meaning of the Bankruptcy Act, for some time prior to January 4, 1924, and if this proof related to the time the acts of bankruptcy were committed, we would be inclined to conclude that the petitioners had failed to sustain the burden of proof. However, the evidence is very clear that upon that date, the bankrupt

ceased farming and has never engaged in that pursuit since that time. His positive statement is as follows:

"Q. You ceased to be a farmer on January 4, 1924, didn't you, Mr. Smith? A. Why, I don't know as I ceased to be. I quit then, but I expected to go to work.

"Q. You ceased farming in Allamakee county, Iowa, on January 4, 1924, did you not? A. Yes, I did. Have done no farming since."

Therefore, he was not engaged in farming at the time he committed the acts of bankruptcy, three days later, on January 7, 1924, and the proof abundantly sustained the findings of the court that he was not entitled to the dismissal of the petition filed against him.

The decree should be and is affirmed.