**FIRST NAT. BANK OF BODE, IOWA, et al.
v. WILLIAMS.**

Circuit Court of Appeals, Eighth Circuit.
March 13, 1929.

No. 8317.

M. J. Mitchell and J. H. Mitchell, both of Ft. Dodge, Iowa, for appellants.

Seth Thomas, of Ft. Dodge, Iowa, for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges.

COTTERAL, Circuit Judge. The First National Bank of Bode, Iowa, and Oscar T. Gulixson, executor of an estate, filed a creditors' petition in bankruptcy against William G. Williams, on December 9, 1927. After answer and a hearing, the petition was dismissed, because it was found that Williams was a wage-earner and not subject to adjudication as a bankrupt. The petitioners have appealed from that order. It is agreed the only question for our decision is with respect to the debtor's occupation when the alleged acts of bankruptcy were committed, according to the general rule stated in Smith v. Brownsville State Bank (C. C. A.) 15 F.(2d) 792.

Appellee owned a fifth interest in an estate, consisting of a farm of 240 acres in Humboldt county, Iowa, and two town lots in Bode, Iowa. The grounds relied upon for the adjudication were the failure to discharge attachments levied on August 11, 1927, against his interest in said farm and lots in two suits brought by the receiver of the State Savings Bank of Bode, a conveyance to that receiver on August 24, 1927, of his interest in the farm, in payment of a debt to the bank, and another conveyance on August 30, 1927, to John Cunningham of his interest in the lots, in payment of a debt to the estate.

The testimony disclosed no material conflict regarding appellee's occupation. He was a farmer for thirty or forty years. In January, 1925, he removed from a farm to the lots in Bode, where he razed an implement shop and built an oil service station. He conducted the station until February 1, 1927, and then leased it, thereafter collecting the rents until December 3, 1927. About March 1, 1927, he bought a stallion he valued at $150, kept him in service until about July 3, 1927, and sold him for $90. Late that month, he appears to have shocked grain, supposedly for wages which remain unpaid. For twelve or fifteen days ending August 25, 1927, he worked at threshing for $6 a day with an outfit in which he had and still retains an interest, valued at $100, and which he and three partners had acquired for their individual use. There was "not very much profit to divide" in the threshing, and none was received by him. In October, 1927, he worked for wages eight or nine days on the building of fences for the county, and the same fall he assisted in operating a corn husker.

It thus appears the appellee was successively a farmer, a business man, and a wage-earner. Undisputedly, in July, 1927, he ceased to engage in business. His work at threshing was essentially for wages. He

collected rents and disposed of property, but neither was inconsistent with his occupation as a wage-earner. His employment after July, 1927, was not continuous, but it is the only classification the evidence sustains for more than four months antedating the creditors' petition.

We quite agree that the exemption from bankruptcy is extended only to a debtor employed for wages as an exclusive occupation. Virginia-Carolina Chemical Co. et al. v. Shelhorse et al. (C. C. A.) 228 F. 493. And he may not resort to an employment as a mere expedient to escape bankruptcy. But in this case, there had been an actual abandonment of business by the debtor. The petitioners, having the burden of proof, failed to establish his nonexempt status at the time of the acts of bankruptcy, which by general rule is the test, in the absence of equities entitling them to apply his occupation when the debts to them were contracted. Smith v. Brownsville State Bank, supra. We find no such equities in their favor; the debts to both, aggregating $3,000, arising in 1920 while the debtor was farming, and the remaining $100 to the bank only in February, 1927.

The order of dismissal is accordingly affirmed.